No. 39,030

MATILDA S. LONGENECKER, *Appellant*, v. MRS. H. WADE ZIMMERMAN, *Appellee*.

(267 P. 2d 543)

Opinion filed March 6, 1954.

A. B. Mitchell, of Lawrence, argued the cause, and was on the briefs for the appellant.

Howard E. Payne, of Olathe, and Bernard L. Trott, of Kansas City, Mo., argued the cause, and Oscar S. Brewer, of Kansas City, Mo., was with them on the briefs for the appellee.

The opinion of the court was delivered by

WERTZ, J.: This was an action to recover damages for an alleged trespass. Plaintiff (appellant) in her petition alleged she was the owner of certain described real estate, and defendant (appellee). without her permission hired and caused the Arborfield Tree Surgery Company, its agents and employees, to go upon her property and top off, injure and in effect destroy three cedar trees of the value of $150 each, which trees were growing upon plaintiff's property and were both shade and ornamental in their presence. Plaintiff further stated she was entitled under the provisions of G. S. 1949, 21-2435, to recover from the defendant by reason of the matters hereinbefore set out three times the value of the plaintiff's property thus injured and destroyed. Defendant answered by way of a general denial.

Plaintiff's evidence disclosed that she and defendant owned adjoining residences and were neighbors for about five years. On September 8, 1950, defendant without her permission employed a tree surgery company to go upon plaintiff's property and top three cedar trees. The trees were located some two or three feet north of plaintiff's south boundary line. The trees before being topped were twenty to twenty-five feet high, and were as she wanted them on her property. About ten feet were cut off the tops of the trees, and from such topping the trees would never grow any higher, and she didn't want them to stop growing. Cedars are not pruned from the top, but are feathered and shaped and not cropped. She considered the trees were, in effect, destroyed by improper pruning. She attached a sentimental value to them as they stood; they served a special purpose, were both shade and ornamental trees and were worth $150 to $200 each.

Defendant's evidence was to the effect that the trees, prior to the time they were topped, seemed to be dying out at the top and they also contained bagworms; that two or three feet were taken out of the top of one tree and about a foot or so out of the other two; that the work done was beneficial to the trees and that they were not injured. The work consisted of cutting out dead branches and cleaning out bagworms. One of defendant's expert witnesses testified on direct examination that the cutting away of dead wood would not injure the physical condition of the tree. However, on cross-examination he testified that if the top is taken out, it is the ambition of every bud on the tree to try to take the place of the

terminal bud which has been sacrificed, but the trunk itself is no longer going to grow in height. Defendant stated that she was mistaken as to the boundary line and believed the trees were on her property.

The case was submitted to a jury which returned a general verdict for the defendant. Plaintiff's motion for a new trial was overruled and the court rendered judgment against plaintiff from which she appeals.

At the outset it may be stated that defendant admits the trespass upon plaintiff's property. The determinative question on this appeal is whether the trial court erred in refusing plaintiff's requested instruction to the effect that defendant had admitted the trespass upon plaintiff's property by topping the three cedar trees and, therefore, she was liable to the plaintiff in damages. In lieu of this requested instruction, the court gave the following instruction:

"You are instructed that the motive of the defendant is not material, and is not necessary that the defendant be acting with malice or wrongful intent in order for plaintiff to recover damages to her trees, *if any*.

"The plaintiff is entitled to have her trees in such shape, condition and state of growth as she desires to have them, irrespective of the thoughts and wishes of others, and free from molestation by others.

"The defendant has admitted that she had plaintiff's trees topped and therefore she has admitted the trespass and is liable in damages *for such sum, if any, as you find from a preponderance of the evidence plaintiff has sustained*.

"In arriving at the value of said trees you may, *if you find from a preponderance of the evidence they have been damaged, injured or destroyed,* and should take into consideration the cost of replacement and also the sentimental and utility value of the trees." ( Italics supplied. )

From every direct invasion of the person or property of another, the law infers some damage, without proof of actual injury. In an action of trespass the plaintiff is always entitled to at least nominal damages, even though he was actually benefited by the act of the defendant. (52 Am. Jur. 872, 873, Trespass, § 47; 63 C. J. 1035, § 225.) Since from every unauthorized entry into the close of another, the law infers some damage, nominal damages are recoverable therefor even though no substantial damages result and none are proved. In *Craig v. St. Louis-S. F. Rly. Co.*, 120 Kan. 105, 106, 242 Pac. 117, it was said:

"For present purposes it may be said that an invasion of a legally protected interest imports injury, and injury is redressed by damages. Quantum of damages depends on extent of injury caused by the invasion. If nothing but the invasion appears, the injury is technical, and is compensated by nominal damages."

In *Hefley v. Baker*, 19 Kan. 9, it was said:

"An action in the nature of trespass *quare clausum fregit* may be maintained against a mere wrongdoer, by any person in the possession of the land upon which the trespass is committed, without any reference to who owns the land; and the plaintiff may in such a case recover for whatever loss he sustains, and if no actual loss is shown, he may then recover nominal damages." (Syl. ¶ 1.)

It is apparent the trial court erred in including the italicized portion in the mentioned instruction, thereby submitting the question to the jury whether plaintiff had suffered any damage by reason of the unlawful trespass, when in fact the jury should have been instructed that damages, in some amount, resulted as a matter of law.

Defendant admits that she committed a technical trespass upon the land of the plaintiff, but contends that had plaintiff chosen to do so, she could have sued defendant at common law for that trespass, and recovered judgment for nominal damages at the direction of the court, and in that event defendant would have had no defense and could have been so punished, no matter how innocent her intent, or that she had actually benefited the property of plaintiff. Defendant further contends that plaintiff's petition failed to allege a cause of action at common law for trespass but seeks to recover damages under G. S. 1949, 21-2435, which statute reads:

"If any person shall cut down, injure or destroy or carry away any tree placed or growing for use, shade or ornament, . . . being or growing on the land of any other person; . . . the party so offending shall pay to the party injured treble the value of the thing so injured, . . . with costs, and shall be deemed guilty of a misdemeanor, and shall be subject to a fine not exceeding five hundred dollars."

We find no merit in defendant's contention on this point. The petition alleges the facts constituting trespass at common law, that is, that the plaintiff was the owner of certain property and that the defendant without permission or other just cause hired third persons to go upon a portion of plaintiff's property and top, injure and, in effect, destroy three cedar trees, each of the value of $150, and then sought to invoke the penalty statute, G. S. 1949, 21-2435, to recover treble the damages sustained. Inherent in the statute is trespass. The statute is not applicable unless a trespass has been committed, and then only to certain kinds of trespass, one of which covers the facts involved in this action. Therefore, it follows that under the allegations of the petition for common law damages, no election between common law damages or statutory treble damages was necessary or proper. (*Wright v. Brown*, 5 Kan. 600.) It cannot be

said that the erroneous instruction given by the trial court was not prejudicial to the rights of plaintiff. The judgment of the trial court is reversed and the cause is remanded with instructions to grant the plaintiff a new trial.

It is so ordered.