(152 P.3d 93)
No. 96,262

SHANE S. MUHL and TERESA A. MUHL, *Appellants*, v. J. DOUGLAS BOHI and TERRY DAVIS, *Appellees*.

Opinion filed February 23, 2007.

*R. Scott Ryburn* and *Christopher M. Small*, of Anderson & Bird, LLP, of Ottawa, for appellants.

*Steven B. Doering*, of Law Offices of Steven B. Doering, of Garnett, for appellees.

Before GREEN, P.J., MARQUARDT, J., and BRAZIL, S.J.

GREEN, J.: Shane S. Muhl and Teresa A. Muhl appeal from a summary judgment granted in favor of J. Douglas Bohi and Terry Davis on the Muhls' trespass and conversion claims. On appeal, the Muhls contend that the trial court inappropriately granted summary judgment because genuine issues of material fact remained in dispute. We agree in part, holding that a factual dispute exists on the Muhls' trespass claim. Nevertheless, we disagree concerning the Muhls' conversion claim. We determine that any factual disputes were not material to the Muhls' conversion claim. Accordingly, we affirm in part, reverse in part, and remand for further proceedings in Muhl's trespass claim.

The Muhls and Bohi both owned land in Franklin County, and the properties shared a common boundary of 970 feet. A partition fence separated the south line of the Muhls' property from the north line of Bohi's property. The fence was located on the surveyed boundary line from its westernmost end until approximately 270.35 feet from the east end of both tracts, at which point the fence deviated south of the surveyed boundary line up to 1.2 feet.

Having existed for many years, the partition fence was in a state of disrepair and could not hold cattle. In addition, several trees had grown into the fence. Bohi believed that the fence could not be repaired; rather, it needed to be removed and replaced with a new fence. To do so, Bohi believed the trees that had grown into the fence needed to be removed. The Muhls believed, however, that Bohi could have either patched the fence or replaced the fence without removing the trees.

In October 2004, Bohi hired Davis to remove the old fence and the trees that had grown into the fence. Bohi supplied Davis with

a track hoe, and Davis removed the old fence and the trees in the fence line. Davis piled the removed trees on Bohi's property. When removing the fence, Davis left part of a corner post on the east end and placed a stake on the west end to mark the fence's former location. Davis instructed the fence builders to follow the post and stake when building the new fence. The new fence was built in the same location as the old fence.

On January 31, 2005, the Muhls sued Bohi and Davis for trespass, civil conspiracy, and conversion. In the pretrial questionnaire, the Muhls explained (1) that Davis entered onto their property without their permission to remove the partition fence; (2) that Bohi and Davis entered into an agreement to destroy the fence and trees on the Muhls' property; and (3) that without their authorization, Davis uprooted trees located on the Muhls' property and placed them on Bohi's property, thereby depriving the Muhls of the quiet use and enjoyment of their property. The Muhls asserted total damages in the amount of $190,000.

After discovery, Bohi and Davis moved for summary judgment on all claims. In their motion for summary judgment, Bohi and Davis maintained that Bohi had a statutory right and duty to maintain the partition fence, that the fence was in poor repair, and that the only way to repair it required Davis to remove the fence and the trees that had grown into it. As a result, Bohi and Davis maintained that they were not liable for any trespass onto the Muhls' property. They further asserted that the Muhls could not assert a claim for conversion because Davis did not take control of any of the Muhls' personal property. Moreover, they also maintained that the Muhls could not assert a claim for conspiracy because the Muhls possessed no evidence of an agreement between Bohi and Davis to commit an unlawful act.

In their response to Bohi and Davis' motion for summary judgment, the Muhls argued that genuine issues of material fact existed. The Muhls further argued that Bohi and Davis had no authority to enter onto their property to remove and replace the fence. The Muhls concluded their response by maintaining that the trees removed were personal property when Bohi and Davis asserted full

control over them; therefore, Bohi and Davis were liable for conversion of the trees.

Following a hearing on the motion, the trial court granted summary judgment in favor of Bohi and Davis. In granting summary judgment, the trial judge explained the following:

"In [the defendants'] motion for summary judgment it appears to be that the damage . . . went as far as three feet or one yard beyond the property line and it becomes a question of whether or not that three feet was an appropriate amount . . . for the construction of the fence.

"The law makes it clear . . . on the boundary fence that there's some right to go upon the property to build the fence. The Court finds as a matter of law that the entry upon the property for three feet was not an unreasonable incursion upon the property of the plaintiffs. That fact being established, all of the trees that were removed within three feet of the fence line were reasonable.

"The next question . . . was whether the removal of trees was necessary to build a new fence. The Court specifically finds there was no trespass.

"The facts as established by the motion for summary judgment establish that the fence was built on the boundary of the former fence and is on the location of the former fence and . . . is the boundary that was recognized with the parties.

"There appears to be no factual dispute as to that. There [were] some indications that undisclosed previous surveys may establish something different but nothing was indicated that was not a recognized boundary between the two and it will be established where the fence is now located.

"The trees were located as part of the real estate when the defendant worked upon them. They were not personal property. So again back to the same question as to whether or not it was necessary to remove the trees to construct the fence and whether that issue can be resolved as a matter of law.

"I believe it can be and I do not think in this day and age it's possible to build a fence through trees. That it's necessary that they be removed so an appropriate fence can be constructed. Destruction of property within three feet of either side of it is an appropriate and reasonable area as a matter of law.

"And therefore I find generally for the defendants under their motion for summary judgment. Finding that the actions that they took were appropriate. That the fence was built upon the boundary line between the properties. That there was no trespass and there was no conversion of the trees."

After the trial court's decision, the Muhls moved to reconsider the trial court's judgment. The Muhls asserted that many of the trial court's findings and conclusions were wrong: that Davis' encroachment onto the Muhls' property was only 3 feet; that the new fence was constructed in the same location as the old fence; that the old fence was the recognized boundary line between the prop-

erties; that it was reasonable for Davis to enter 3 feet onto the Muhls' property; that no trespass had occurred; that the destruction of property within 3 feet of the fence was reasonable as a matter of law; that the trees removed were part of the real estate; and that Davis and Bohi were not liable for conversion of the trees. After a hearing on the matter, the trial court denied the Muhls' motion for reconsideration.

*Did the trial court err in granting summary judgment in favor of Bohi and Davis on the Muhls' trespass claim?*

An appeal from a trial court's grant of summary judgment is governed by the following standard:

" ' "Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. The trial court is required to resolve all facts and inferences which may reasonably be drawn from the evidence in favor of the party against whom the ruling is sought. When opposing a motion for summary judgment, an adverse party must come forward with evidence to establish a dispute as to a material fact. In order to preclude summary judgment, the facts subject to the dispute must be material to the conclusive issues in the case. On appeal, we apply the same rules and where reasonable minds could differ as to the conclusions drawn from the evidence, summary judgment must be denied." [Citations omitted.]' " *State ex rel. Stovall v. Reliance Ins. Co.*, 278 Kan. 777, 788, 107 P.3d 1219 (2005).

" 'An issue of fact is not genuine unless it has legal controlling force as to the controlling issue. The disputed question of fact which is immaterial to the issue does not preclude summary judgment. If the disputed fact, however resolved, could not affect the judgment, it does not present a genuine issue of material fact.' [Citations omitted.]" *Mitchell v. City of Wichita*, 270 Kan. 56, 59, 12 P.3d 402 (2000).

*Trespass*

To support a cause of action for trespass based on an intentional intrusion, a plaintiff must only show that the defendant was intentionally on any part of the plaintiff's land. *United Proteins, Inc. v. Farmland Industries, Inc.*, 259 Kan. 725, Syl. ¶ ¶ 4, 5, 915 P.2d 80 (1996). When a claim of trespass is based on a foreign matter intruding on the plaintiff's land, the plaintiff must show that the defendant intended the foreign matter to intrude on the plaintiff's

land or that the defendant performed the act with knowledge that the act would, to a substantial certainty, result in the foreign matter entering the plaintiff's land. 259 Kan. at 729.

Now we turn our attention to the issue in this case. The Muhls contend that genuine issues of material fact exist regarding their trespass claim. According to the Muhls, the parties disputed first whether Bohi and Davis had entered onto the Muhls' land and, second, how far onto their land the encroachment had extended. The Muhls' maintain that Davis had entered and removed trees located up to 30 feet onto their property.

In their response to the motion for summary judgment, the Muhls indicated that Davis encroached *at a minimum* of 3 feet onto their land. In support of their assertion, the Muhls cited Shane Muhl's deposition testimony and an exhibit provided by expert agronomist Richard James. Shane's deposition testimony explained that Davis had entered up to 30 feet onto the Muhls' property and removed trees; James' exhibit indicated that trees were removed from the Muhls' property at least 3 feet beyond the property line. At the hearing on the motion for summary judgment, the Muhls indicated to the trial court that Davis had encroached up to 30 feet onto their property. The trial court inquired as to whether Shane's deposition testimony and James' exhibit were attached to the Muhls' response, and the Muhls responded that they were not. The Muhls' offered to provide them to the trial court, but the trial court declined the offer. The trial court then determined it was an uncontested fact that Bohi and Davis caused damage to the Muhls' land up to 3 feet beyond the property line.

Although it does not seem James' exhibit was attached to the Muhls' response, the Muhls misinformed the trial court regarding Shane's deposition testimony because it was attached to their response. In addition, 1 day before the trial court ruled on the Muhls' motion for reconsideration, the Muhls moved to amend their previous response, which included the referenced exhibit to James' deposition and another copy of the referenced part of Shane's deposition.

Regarding the Muhls' first disputed fact, Bohi and Davis do not contest the trial court's finding that they had entered 3 feet onto

the Muhls' land to remove the fence and that the trees had grown into the fence. As a result, there is no material dispute as to *whether* Bohi and Davis had entered onto the Muhls' property.

Normally, the only genuine issue of material fact for a claim of trespass would be whether the defendant had intentionally entered onto any part of the plaintiff's property. *United Proteins, Inc.*, 259 Kan. 725, Syl. ¶ 5. Under the present facts, however, it is necessary to consider the Muhls' contention that Davis' encroachment was not limited to just 3 feet because the trial court determined that Bohi and Davis were permitted to encroach a reasonable distance onto the Muhls' property.

We determine that a genuine issue of material fact existed regarding the Muhls' contention that Davis had encroached further than 3 feet onto their property. The Muhls argue that Davis had encroached up to 30 feet onto their land. Bohi and Davis argue that the Muhls have failed to establish that the encroachment extended further than 3 feet. Although at the time of the hearing on the motion for summary judgment the Muhls incorrectly told the trial court that Shane's deposition testimony was not attached to their response, it, however, had been attached to their response and was before the trial court for consideration. Shane's deposition testimony indicated that Davis had encroached up to 30 feet onto the Muhls' property. As a result, the parties did not agree that the encroachment was only 3 feet, and the trial court incorrectly determined that the distance of encroachment was an undisputed fact.

The Muhls also contend that a genuine issue of material fact existed regarding damages. The Muhls argue that the trial court erred in determining that Davis had encroached only 3 feet onto their land and, in so finding, erred in determining that no damages had resulted from Davis' encroachment.

Bohi and Davis respond that whether the Muhls suffered damages is not a material fact because they were not entitled under any legal basis to recover damages.

As explained earlier, a genuine issue of material fact exists regarding the distance of Davis' encroachment onto the Muhls' land. Because the parties do not agree that the encroachment was only

3 feet, the trial court prematurely determined that a 3-foot encroachment was reasonable and permissible to remove and rebuild the partition fence and that no trespass had occurred. A fact question exists as to the reasonableness of Davis' encroachment onto the Muhls' property to repair the partition fence. As a result, a genuine issue of material fact exists regarding damages in this case. See *Longenecker v. Zimmerman,* 175 Kan. 719, 721, 267 P.2d 543 (1954) ("From every direct invasion of the person or property of another, the law infers some damage, without proof of actual injury. In an action of trespass the plaintiff is always entitled to at least nominal damages, even though he was actually benefited by the act of the defendant.").

Because a genuine issue of material fact existed regarding damages and because the trial court did not resolve that material fact in favor of the Muhls, summary judgment was not proper. See *Stovall,* 278 Kan. at 788.

The next consideration is whether Bohi and Davis were entitled to judgment as a matter of law. The trial court determined that no trespass had occurred because Bohi and Davis were entitled to encroach up to 3 feet onto the Muhls' land to remove and replace the fence. Although the trial court did not state what law it was basing its ruling on, Bohi and Davis contend on appeal that K.S.A. 29-308 and K.S.A. 29-316 provided Davis with the authority to encroach onto the Muhls' property. Because this court's analysis requires interpretation of the partition fence statutes, this court's review is unlimited. *Foster v. Kansas Dept. of Revenue,* 281 Kan. 368, 374, 130 P.3d 560 (2006).

K.S.A. 29-308 provides that "[a]ll partition fences shall be kept in good repair throughout the year, unless the owners of the land on both sides otherwise agree." K.S.A. 29-316 provides the following:

"A person building a fence may lay the same upon the line between his own land and the land adjacent, so that the fence may be partly on one side of such line and partly on the other; and the owner shall have the same right to remove it as if it were wholly on his own land."

The Muhls argue that although a landowner can build or repair a fence under K.S.A. 29-303 ("If such [partition] fence be not re-

paired or rebuilt accordingly, the complainant may repair or rebuild it."), under K.S.A. 29-308 the landowner is not permitted to trespass on the adjoining landowner's property while building or repairing the fence. Based on the absence of any language in the statutes expressly granting a landowner the authority to enter onto the adjoining landowner's property, the Muhls assert that the trial court erred in ruling that it was reasonable for Davis to encroach 3 feet onto their land to remove the old fence.

On the other hand, Bohi and Davis argue that, under statutory law, Bohi had a duty to maintain the fence and was permitted to place the fence on the boundary line. Bohi and Davis further assert that the statutes provided them with the authority to enter onto the Muhls' land to maintain the fence on the boundary line. Consequently, they argue that because they had the statutory authority to enter the Muhls' property to maintain the fence, no trespass occurred.

The statutes providing for partition fences are silent as to whether a landowner may enter onto an adjoining landowner's property to build, maintain, or remove a partition fence. See K.S.A. 29-301 to K.S.A. 29-305; K.S.A. 29-308; K.S.A. 29-316. Based on this silence, the Muhls contend that no such authority existed under the statutes for Bohi and Davis to enter onto the Muhls' property to repair the partition fence.

The Muhls cite *Collins v. Morris*, 104 Kan. 77, 78, 178 Pac. 980 (1919), in which our Supreme Court stated in dicta that a landowner may not cut a tree that stands wholly or partly on the division line without the consent of the adjoining landowner, and an owner may maintain trespass for any cutting or injury to the tree without consent. In *Collins*, however, the court was not presented with facts involving the partition fence statutes as we have in the instant case. See 104 Kan. at 78-80.

Our research has revealed no Kansas case which has dealt with the specific issues in this case. Moreover, an examination of cases from other jurisdictions provides little help. In *Brom v. Kalmes*, 304 Minn. 244, 249-50, 230 N.W.2d 69 (1975), the defendant argued that a landowner who builds a partition fence is privileged to enter onto an adjoining landowner's property at reasonable times

and in a reasonable manner to build the fence. The court did not address the reasonableness argument, however, because the court determined the fence was not a partition fence under the Minnesota statute. 304 Minn. at 250.

In the absence of direct case authority, we must draw guidance from several legal treatises. Am. Jur. 2d explains that a landowner has no *common-law* duty to permit an adjoining landowner to enter onto his or her land to erect a fence on the boundary line. 35A Am. Jur. 2d, Fences 6, p. 518. The Restatement (Second) of Torts § 190 (1964) provides, however, that

"[a] duty or privilege to build or repair a party wall or division fence between land in the possession of the actor and land in possession of another, confers on the actor a privilege to enter the other's land at reasonable times and in a reasonable manner, in order to build or repair such party wall or division fence."

Similarly, C.J.S. provides that "[t]he occupation by a landowner of the requisite land of his or her neighbor for the erection of a partition fence is not adverse, but permissive." 36A C.J.S., Fences 5, p. 138. Either adjoining landowner "may repair [a partition] fence and lawfully enter on the land of the other for that purpose, and either may replace it after its removal or destruction." 36A C.J.S., Fences 13, p. 141.

Under K.S.A. 29-301, the owners of adjoining lands are required to maintain in good repair all partition fences between them. Moreover, if a partition fence is not kept in good repair, one of the adjoining land owners may repair or rebuild it. See K.S.A. 29-302; K.S.A. 29-303; *Schwartz v. Kunze,* 29 Kan. App. 2d 21, 22 P.3d 618 (2001) (statutes construed and applied to repairs and recovery of costs to partition fences). If an adjoining landowner is given the statutory authority to repair or to rebuild a partition fence, then, by implication, the adjoining landowner should be permitted to enter on the land of the other adjoining landowner for that purpose.

Accordingly, we adopt the above-quoted language from C.J.S. and the Restatement (Second) of Torts that the duty to maintain a partition fence confers on a landowner the privilege to lawfully enter onto the adjoining landowner's property at reasonable times

and in a reasonable manner to maintain the fence. Restatement (Second) of Torts § 190; 36A C.J.S., Fences § 13, p. 141. Under this approach, in addition to conferring the benefit of the ability to build, maintain, or remove a partition fence, K.S.A. 29-303, K.S.A. 29-308, and K.S.A. 29-316 would impose the burden on a landowner to allow the adjoining landowner to enter onto the other landowner's property at reasonable times and in a reasonable manner to maintain or rebuild the fence.

Nevertheless, as stated earlier, the reasonableness of Davis' encroachment is a question of fact. " 'It is only when it can be said that reasonable persons could reach but one conclusion from the same evidence that an issue may be decided as one of law.' [Citation omitted.]" *Seabourn v. Coronado Area Council, B.S.A.,* 257 Kan. 178, 189, 891 P.2d 385 (1995). Because more than one conclusion can be drawn from the same evidence, the trial court erred in determining as a matter of law that the Muhls had failed to establish a genuine issue of material fact as to whether Davis' encroachment onto the Muhls' property was done in a reasonable manner to repair the partition fence. As a result, Davis and Bohi were not entitled to judgment as a matter of law on the Muhls' trespass claim. *See Stovall,* 278 Kan. at 788.

*Did the trial court err in granting summary judgment in favor of Bohi and Davis on the Muhls' conversion claim?*

A conversion is defined as an "unauthorized assumption and exercise of the right of ownership over goods or personal chattels belonging to another." *Carmichael v. Halstead Nursing Center, Ltd.,* 237 Kan. 495, Syl. 2, 701 P.2d 934 (1985).

The standard of review on this issue is the same standard as set forth earlier. The first consideration is whether a genuine issue of material fact existed. The Muhls argue that a genuine issue of material fact existed regarding their conversion claim. According to the Muhls, Davis removed trees on the Muhls' property and piled them onto Bohi's property. The Muhls assert that Bohi and Davis denied removing any trees from the Muhls' land.

Bohi and Davis do not appear to contest that Davis removed trees located up to 3 feet onto the Muhls' property or that Davis piled the trees onto Bohi's property. Rather, they contend that

because the trees were part of the real estate, the Muhls could not assert a claim for conversion of the trees. In support of their argument that trees are not personal chattels, Bohi and Davis cite *Coats v. Kansas Gas & Electric Co.*, 143 Kan. 885, 887, 57 P.2d 42 (1936) ("Trees are a part of the real estate."). Moreover, the trial court determined that the trees were not personalty. The Muhls do not argue that the trial court erred in applying the law on this issue.

Finally, our Supreme Court held that a petition alleging that plaintiff was the owner and in the possession of real estate; that defendant unlawfully entered upon the premises, dug out 150 growing trees, worth $250, and carried them away and converted them; that he severed from a building upon said realty stones, lumber, boards, hardware, etc., the property of plaintiff, worth $50, and converted them, stated a good cause for trespass. *Johns v. Schmidt*, 32 Kan. 383, Syl. ¶ 1, 4 Pac. 872 (1884). Compare the allegations made in *Johns* to the allegation made in this case; this case is also a trespass case.

As a result, the trial court did not err in granting summary judgment on the Muhls' conversion claim.

Affirmed in part, reversed in part, and remanded for further proceedings in Muhl's trespass claim.