(181 P.3d 574)
No. 97,156

JERRY JOHANNES and SHON A. JOHANNES, *et al.*, *Appellants*, v.
ISABEL IDOL, HAZEL J. DENISON, EVILIN G. JOHANNES, JANILA
T. CALDARONI, and ZELLA R. KIMBRELL, *et al.*, *Appellees*.

Opinion filed April 25, 2008.

*Jack R. Euler, Joel R. Euler*, and *Charles D. Baskins*, of Euler Law Offices, LLP, of Troy, for appellants.

*Stephen W. Cavanaugh*, of Cavanaugh, Smith & Lemon, P.A., of Topeka, for appellees.

Before CAPLINGER, P.J., MALONE, J., and LARSON, S.J.

LARSON, J.: This fact-sensitive appeal involves the much litigated question of whether the execution and delivery of several deeds reserving a life estate constitutes a valid inter vivos gift or an invalid attempt at a testamentary disposition.

Several of the heirs at law of Margret Johannes, herein appellants, appeal from the grant of partial summary judgment in favor of the grantees of deeds executed by Margret to Isabel Idol, Hazel Denison, and Gertrude Reader and their successors in interest, herein appellees.

The district court ruled that the appellants had not identified any dispositive facts sufficient to controvert the presumption that Margret had made a valid delivery of the deeds to the appellees and consequently granted partial summary judgment to the grantees of the deeds and their successors in interest. From this ruling, the appellants have appealed.

This appeal involves only two counts of a complicated and contentious eight count case wherein the parties resolved difficult legal questions involving the admission of the will of an Arizona resident and its effect on the title to Kansas real property; the determination of the heirship of Margret; requests for accounting on nine tracts

of land not involved in this appeal; an action to partition the nine tracts of land not involved in this appeal which were ultimately partitioned and sold for in excess of $1 million; and the determination of controversies involving the statute of limitations, assessment of interest, and extremely complicated accountings, some of which were agreed upon but most of which were resolved by court rulings. None of these questions are directly applicable to the two issues we face in this appeal but did involve all of the members of the extended family of John G. and Tilde Johannes and are set forth to explain why litigation which began on March 6, 2002, is only now drawing to a close with the appeal we face.

This appeal involves the property of Margret, and we set forth the facts in detail to establish the basis for the arguments of the parties and the rulings of the district court.

Margret was one of nine children of John G. and Tilde Johannes. Margret had four sisters, Gertrude Reader, Hazel Denison, Isabel Idol, and Tillie Zimmerman. Margret also had four brothers, Evilin, John H., Juel, and Luther Johannes.

Hazel had one daughter, Janila T. Caldaroni. Isabel had two sons, Kem and Harrison Idol. Tillie had two daughters, Vanda Beamer and Zella Kimbrell. Juel had one son, Jerry, and two daughters, Judy Randolph and Arlene Forwand. Luther had one son, Shon, and one daughter, Carol Jones. Luther was also survived by his wife, Freda. Hazel died during the course of litigation, and Harrison was named as the administrator of her estate and substituted as a party. Evilin died during the course of litigation and Kem, Harrison, and Donald Yaussi were named as coexecutors of his estate and substituted as a party.

Margret died unmarried, without children, and intestate on August 17, 1989. Appellants believed she died as owner in fee simple absolute of four parcels of land.

Some 22 years before her death, on May 22, 1967, attorney John F. Gernon sent a letter to Margret that provided instructions to Margret on how to transfer four pieces of property to her sisters by using the warranty deeds enclosed with the letter. It appears from the deeds that Margret signed them sometime in 1967.

All four warranty deeds included the following language: "Reserving unto party of the first part [Margret] and her assigns the full benefit, use, rents, issues and profits from the above described real estate, for and during her natural life." Margret deeded the property as follows:

"To Gertrude Reader, 'Lot 72 on Miami Street, City of Hiawatha, Brown County, Kansas.'

"To Isabel and Hazel, 'The North 80' of the West 23' of Lot 41 and North 80' of Lots 43 and 45 on Cherokee Avenue, in Knapp, Moon and Davis Second Addition to the City of Hiawatha. Including all personal property located in the house on the above described real estate.'

"To Hazel, 'The West Half of the Northeast Quarter of Section 32, Township 3, Range 17, Brown County, Kansas.'

"To Isabel: 'The Southeast Quarter of the South West [*sic*] Quarter and Southwest Quarter of the Southeast Quarter, of Section 3, Township 1, Range 18; and The East Half of the Northeast Quarter of Section 32, Township 3, Range 17, all in Brown County, Kansas.' "

Margret signed the deeds and had them notarized. However, the acknowledgment and the notary's signature do not include the day or month that the deeds were acknowledged. According to both Hazel and Isabel, Margret delivered the deeds to them in 1967 or 1968. Isabel placed the deeds in a safety deposit box she owned with Hazel. Margret's name was not on this safety deposit box.

After being diagnosed with a terminal illness, Hazel removed the deeds from the safety deposit box and gave them to Isabel who placed them in a plastic box in her residence. Isabel forgot or misplaced their location until a search of her residence by her sons located the deeds in the yellow plastic box.

During Margret's life estate, she executed three right-of-way easements. The remaindermen did not join in any of these easements. After Margret's death, Isabel and Hazel began managing Margret's former property and received all of the income therefrom. This continued from 1989 through the beginning of 2002, a period in excess of 12 years.

On February 2, 2002, the extended Johannes family had a meeting to discuss selling the farmland they had operated as a family partnership for approximately 50 years. At Evilin's request, attor-

ney Gernon prepared a letter that provided an opinion on who owned Margret's land. In the letter, Gernon concluded that Margret owned the disputed land at her death because no deeds had been recorded and no will had been offered for probate. Thus, Gernon concluded that the land passed to Margret's heirs at law. Shon and Jerry reviewed the contents of the letter at the family meeting. Based on the contents of the letter, Jerry accused Isabel and Hazel of misappropriating the family's share of the profits from Margret's land. Isabel responded by stating that she had "papers" showing that she and Hazel owned the property. After the meeting, Kem and Harrison found the deeds at Isabel's house and recorded them.

Unable to resolve the ownership issues regarding the disputed four tracts as well as other matters unrelated to this appeal, Jerry, Shon, Arlene, Vanda, Carol Ann, Freda, and Judy sued Isabel, Hazel, Janila, and the successors in interest of Margret and Gertrude. In count I, appellants sued to determine the heirs of Margret. In count V, appellants sued for an accounting and recovery of profits from the four disputed parcels of land. In count VI, appellants requested the court set aside the four deeds recorded on February 6, 2002, for lack of a valid delivery.

After discovery, appellees moved for partial summary judgment on counts V and VI, asserting that no facts existed to controvert a finding that Margret delivered the deeds in 1967 or 1968 to Isabel and Hazel. Appellants opposed summary judgment by raising arguments similar to those they raise on appeal.

In ruling on the motion for partial summary judgment, the district court found that the material uncontroverted facts were substantially as have been set forth previously in this opinion. The district court's decision set forth the controlling legal authority in the following manner:

"1. Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and submissions on file, together with the affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. The trial court is required to resolve all facts and inferences which may be reasonably be drawn from the evidence in favor of the party against whom the ruling is sought. When opposing a motion for

summary judgment, an adverse party must come forward with evidence to establish a dispute as to material fact. In order to preclude summary judgment, the facts subject to the dispute must be material to the conclusive issues in the case. *Saliba v. Union Pacific Railroad Company*, 264 Kan. 128, 955 P.2d 1189 (1998).

"2. A non-moving party in a motion for summary judgment may not use mere allegations to dispute material facts, but instead must support its position by affirmative evidence. *Lloyd v. Quorum Health Resources*, 31 Kan. App. 2d 943, 77 P.3d 993 (2003).

"3. In determining a motion for summary judgment, a court must give to the party against whom summary judgment is sought the benefit of all inferences that may be drawn from the facts under consideration. A popular formula is that summary judgment shall be granted on the same kind of showing that would permit direction of a verdict were the case to be tried. If there is any question as to the credibility of witnesses or the weight of the evidence, summary judgment must be denied. *TIMI v. Prescott State Bank*, 220 Kan. 377, 553 P.2d 315 (1976).

"4. When one who has executed a deed retains it in his possession with the intention that it shall become operative on the grantor's death, no conveyance is effected and the grantor dies in full ownership of the property. *Young v. M. Williams*, 75 Kan. 243, 89 Pac. 12 (1907).

"5. Actual or formal delivery of a deed is unnecessary. A deed may be good by constructive delivery as well as by actual delivery. Any words or acts showing an intention on the part of the grantor that the deed be considered as completely executed and the title conveyed is sufficient. *Tucker v. Allen*, 16 Kan. 312 (1876).

"6. In order for a deed to operate as a valid transfer of title, it must be delivered during the life of the grantor. Delivery is largely a matter of the grantor's intention to divest himself of title, as shown by all of the surrounding facts and circumstances. Whether there was a delivery is ordinarily a question of fact. *Agrelius v. Mohesky*, 208 Kan. 790, 494 P.2d 1095 (1972).

"7. The question of delivery of a deed is largely a question of intention, ordinarily to be determined by the jury or trial court as a question of fact. When the facts are not controverted, the question should be determined by the Court as a question of law. *Hoard v. Jones*, 119 Kan. 138, 23 Pac. 888 (1925).

"8. Once there is a valid delivery, either to a grantee or to a third party, with an intention to effect a present conveyance, it makes no difference if the grantor re-acquires the deed, because title vested at the time of the delivery. The grantor is powerless to defeat this vesting of title. *Hutton v. Hutton*, 184 Kan. 560, 337 P.2d 635 (1959).

"9. In a deed conveying gifts to children or relatives, the reservation by the grantor of the property during his lifetime is evidence of intention to deliver the instrument before his death, for there could be no purpose in placing such a reservation in the deed if it were not delivered in his lifetime. *Libel v. Corcoran*, 203 Kan. 181, 452 P.2d 832 (1969)."

The district court's analysis largely restated the uncontroverted facts and the legal authority set forth above. The court then noted

there was no evidence controverting the facts that Margret gave Isabel and Hazel the deeds on a date in the late 1960's and they placed the deeds in a safety deposit box in their names. The court then recounted the fact that Hazel removed the deeds from the bank box and gave them to Isabel who placed them in a yellow plastic box at her residence and forgot or misplaced them. The deeds were found in the box by Harrison and Kem, and they caused them to be recorded with the Brown County Register of Deeds on February 6, 2002.

The district court's decision then recognized the arguments made by the plaintiffs (appellants herein) that circumstances such as not filing the deeds, not changing ownership with the register of deeds and county treasurer, and other actions of Hazel and Isabel initially appeared to show there was no delivery of the deeds. The district court's memorandum decision then stated (utilizing the initials MJ for Margret, HD for Hazel, and II for Isabel):

"The correct point of inquiry in this motion is whether a delivery occurred with the intent to divest the title of grantor and to transfer it to grantees as shown by the evidence in the late 1960's. The evidence is uncontroverted that MJ asked her attorney to prepare the deeds at her request. The attorney advised her to deliver the deeds and recommended other estate planning strategies. The evidence also establishes that as a matter of law, that MJ delivered the deeds to HD and II who placed the deeds in their safety deposit box. There is no evidence in the record that establishes that MJ had access to the bank box. There is no evidence that indicates the deeds were redelivered to her. Even if she had a key to the safety deposit box, there is no evidence that her name was on the box as a joint tenant or a signatory on the signature card to allow access. The record contains no evidence showing any access to this safety deposit box by MJ. If Plaintiffs desire to establish this fact, it is their burden to support this contention with some evidence. *Lloyd v. Quorum Health Resources*, 31 Kan. App. 2d 943, 77 P.3d 998 (2003)."

The district court further held that the execution of the easements did not "affect, destroy or diminish the previous delivery of the deeds to her sisters." In referring to the reserved life estate in Margret, the court stated there would be no reason to reserve a life estate unless she intended to give the property to her sisters while she enjoyed the use and benefit of the assets during her lifetime. The court relied on *Libel v. Corcoran*, 203 Kan. 181, 452 P.2d 832 (1969), a case where a life estate had been reserved, and

held in this case that uncontroverted material facts showed actual delivery with intent to transfer title, with the character of the deeds bolstering the fact of delivery, and with Margret continuing to exercise the benefits of a life tenant in regards to the property.

The district court then disposed of any argument as to the delivery of the deed to Hazel and Isabel where Gertrude Reader was the grantee. The court stated Gertrude's knowledge of the deed made no difference as the delivery was valid and transferred title. The court held it was the delivery by Margret of the deed to a third party during the grantor's lifetime that controls, relying on *Reed v. Kathley*, 187 Kan. 273, 356 P.2d 1004 (1960).

The court finally held that "[o]n the issue of delivery, there are no controverted material facts. The Court finds as a matter of law, that delivery occurred and the title vested in the grantees at the time of delivery subject to the life estate reserved by MJ." Summary judgment was granted, holding the deeds were validly delivered. This judgment was rendered March 7, 2005, but was not a final judgment until all the other controverted issues in the case were resolved. When all other judgments became final, a timely appeal was filed relating only to the delivery of the deeds issue and the companion accounting claim. If it is finally determined that delivery was not accomplished, then the grantees will be required to account for the income from the properties which they have received and retained.

The primary issue for our consideration on appeal is whether the district court erred in granting the appellees' motion for partial summary judgment.

The standards of review of summary judgment motions and the legal principles, presumptions, and burdens of proof relating to delivery of deeds will first be set forth.

" ' "Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. The trial court is required to resolve all facts and inferences which may reasonably be drawn from the evidence in favor of the party against whom the ruling is sought. *When opposing a motion for summary judgment, an adverse party must come forward with evidence to establish a dispute as to a material fact.* In order to preclude summary judgment, the

facts subject to the dispute must be material to the conclusive issues in the case. On appeal, we apply the same rules and where we find reasonable minds could differ as to the conclusions drawn from the evidence, summary judgment must be denied." ' [Citations omitted.]" (Emphasis added.) *Korytkowski v. City of Ottawa*, 283 Kan. 122, 128, 152 P.3d 53 (2007).

" ' "An issue of fact is not genuine unless it has legal controlling force as to the controlling issue. The disputed question of fact which is immaterial to the issue does not preclude summary judgment. If the disputed fact, however resolved, could not affect the judgment, it does not present a genuine issue of material fact." ' [Citations omitted.]" *Muhl v. Bohi*, 37 Kan. App. 2d 225, 229, 152 P.3d 93 (2007).

Furthermore, mere speculation is insufficient to avoid summary judgment. The nonmoving party must submit affirmative evidence that controverts a material fact. K.S.A. 60-256(e); *Seitz v. Lawrence Bank*, 36 Kan. App. 2d 283, 289-90, 138 P.3d 388, *rev. denied* 282 Kan. 791 (2006). Similarly, "an unsupported challenge to a witness' credibility is not sufficient to create a genuine issue of material fact. [Citations omitted.]" *Estate of Pemberton v. John's Sports Center, Inc.*, 35 Kan. App. 2d 809, 835-36, 135 P.3d 174, *rev. denied* 282 Kan. 788 (2002) (citing *Brock v. Richmond-Berea Cemetery Dist.*, 264 Kan. 613, 623, 957 P.2d 505 [1998]; *Hamming v. Ford*, 246 Kan. 70, 75, 785 P.2d 977 [1990]).

Finally, " 'a court should be cautious in granting a motion for summary judgment when resolution of the dispositive issue necessitates a determination of the state of mind of one or both of the parties.' [Citation omitted.]" *Brennan v. Kunzle*, 37 Kan. App. 2d 365, 378, 154 P.3d 1094 (2007).

The transfer of real property in Kansas is governed by K.S.A. 58-2201 *et seq.* Title to real property must be conveyed in writing. K.S.A. 33-106. The writing usually takes the form of a deed. See K.S.A. 58-2203; K.S.A. 58-2204.

The numerous statements of controlling legal authority utilized by the district court correctly set forth the unrefuted legal principles which govern where the issue to be determined is whether a deed was validly delivered. To supplement those principles, we further note that to transfer title through a warranty deed, the grantor must cause the deed to be delivered to the grantee during

the grantor's lifetime. *Agrelius v. Mohesky*, 208 Kan. 790, 795, 494 P.2d 1095 (1972).

We are further taught by Justice Fontron's opinion in *Agrelius* that "[d]elivery may be constructive as well as actual or personal, and it may be made to a third party to hold for the grantee, where an intention is manifested to give the conveyance a present effect. (*Reed v. Keatley*, 187 Kan. 273, 356 P.2d 1004)." 208 Kan. at 795. Whether the grantor delivered the deed to the grantee is a question of intent and occurs where it is evidence from all the facts and circumstances surrounding the transaction that the grantor had a present intent to divest himself or herself of title to the property and vest it in the grantee. *Libel*, 203 Kan. at 185-86. Because delivery is a question of intent, it is normally a question of fact. However, when the facts are not controverted, then delivery is a question of law. *Hoard v. Jones*, 119 Kan. 138, 158, 23 Pac. 888 (1925).

The *Hoard* decision sets forth the important consideration in cases where a life estate is reserved, such as we face in our case, when it stated:

"The rule of law is that in deed of gifts to children or relatives, the reservation by the grantor of the use of the property during his lifetime is evidence of an intention to deliver the instrument before his death, for there could be no purpose in placing such a reservation in the deed if it were not delivered in his lifetime. [Citations omitted.]" 119 Kan. at 156.

When a deed that is duly executed and acknowledged is found in the grantee's possession, in a third-party's possession, or when the deed has been recorded, it is presumed that the grantor delivered the deed. *Cole, Administrator v. Hoefflin*, 187 Kan. 66, 69, 354 P.2d 362 (1960); *Staats v. Staats*, 148 Kan. 808, Syl. ¶ 3, 84 P.2d 842 (1938); *Hoard*, 119 Kan. at 158. Conversely, when a deed is signed and acknowledged but found in the grantor's possession, the law presumes that the grantor did not deliver the deed. See *Cole*, 187 Kan. at 69, 72-73 (Price, J., dissenting); *Stump v. Smarsh*, 153 Kan. 804, 808, 113 P.2d 1058 (1941).

The party challenging the preceding presumptions must supply clear and convincing evidence to rebut the presumption. *Hoard*, 119 Kan. at 157-58.

The appellants raise substantially the same arguments to us on appeal that were presented to the district court. Our consideration on appeal is limited to the documents that were submitted to and considered by the district court in making its ruling below.

A principal argument that appellants make is that the record below was insufficient to establish delivery as a matter of law because Hazel's and Isabel's credibility was not tested by cross-examination in front of a factfinder and, therefore, summary judgment was inappropriate.

The record is clear that Hazel stated that Margret delivered the deeds to her some time in 1967 or 1968. The appellants did not controvert this statement and in their brief stated: "[S]uch statements are not controverted in Plaintiffs' evidence and the probative value thereof must be determined by the Court." This statement which was also the response to the motion for partial summary judgment can only be construed to be an admission that appellants have no evidence to dispute the material facts concerning delivery except to argue that Hazel, who is now deceased, was untruthful under oath in her testimony as to the delivery of the deed to her, the placement of the deeds in a safety deposit box under her and Isabel's control, and the removal of the deeds from the box and delivery to Isabel.

The district court correctly focused its determination on the critical issue when it stated in its memorandum decision that "the correct point of inquiry in this motion is whether a delivery occurred with the intent to divest the title of grantor and to transfer it to grantees as shown by the evidence in the late 1960's."

There is nothing in the record to show that Hazel's testimony was untrustworthy, nor is there any showing that delivery did not occur as Isabel and Hazel have stated. The appellants have presented no evidence to controvert these facts.

We are clearly taught by *Estate of Pemberton*, 35 Kan. App. 2d at 835-36, and the cases cited therein, that "an unsupported challenge to a witness' credibility is not sufficient to create a genuine issue of a material fact. [Citations omitted.]" As we have said, the failure of appellants to provide affirmative evidence, contrary testimony, or a writing that challenges Hazel's or Isabel's statements

concerning actual delivery of the deeds to them clearly justifies the district court's ruling granting partial summary judgment that valid delivery of the deeds occurred.

In this case, Margret executed and had her signatures acknowledged on the four deeds. She clearly manifested the intent to divest herself of title and vest it in Isabel, Hazel, and Gertrude. See *Reed*, 187 Kan. at 277. The deeds were in Hazel's and Isabel's possession which creates the presumption that they were delivered. See *Hoard*, 119 Kan. at 158. The reservation of a life estate by Margret and the lack of her control results in the law presuming that she delivered the deed during her lifetime. See *Cole*, 187 Kan. at 69. Finally, possession in Isabel and Hazel constitutes constructive delivery sufficient to transfer title to Gertrude even though Gertrude never received physical possession of the deed in which she was the grantee. See *Reed*, 187 Kan. at 277.

We have considered appellants' arguments concerning the probative value of uncontradicted evidence and credibility of witnesses, and the cases cited therewith, and find no applicability of these arguments to the clear and undisputed facts showing delivery in the late 1960's and appellants' failure to controvert such facts.

We have also considered the appellants' other arguments which we do not find to change our previously stated conclusions.

Any arguments that the deeds were incomplete because they did not show the month or day when they were acknowledged and they were not recorded when delivered is not supported. Recording is not necessary to effectively deliver a deed; delivery depends on the grantor's intent which here shows delivery was accomplished. *Libel*, 203 Kan. at 185. No authority has been provided as to why the deeds were not validly acknowledged, and such failure effectively waives such an argument. See *Lee Builder, Inc. v. Farm Bureau Mut. Ins. Co.*, 281 Kan. 844, 859, 137 P.3d 486 (2006).

Appellants suggest it was improper to utilize a sworn statement from Hazel rather than a deposition and that they were not permitted to cross-depose her. Appellants' arguments amount to accusations and speculations and are insufficient to show any positive evidence that creates a genuine issue of material fact necessary to defeat a motion for summary judgment. K.S.A. 60-256(c); *Seitz v.*

*Lawrence Bank,* 36 Kan. App. 2d 283, Syl. ¶ 8, 138 P.3d 388 (2006).

Appellants also claim it was erroneous for the district court to find that Hazel removed the deeds from the safety deposit box she shared with Isabel and gave the deeds to Isabel because those facts do not appear in Hazel's sworn statement. This may or may not be an error; but if it is, it has no relation to a material fact as it occurred long after delivery of the deeds had been completed—in fact, probably after Margret's death. Facts that have no bearing on a material fact are insufficient to defeat a summary judgment motion. *Muhl,* 37 Kan. App. 2d at 229.

Appellants argued that Hazel was not aware of what was deeded to her because she executed a quitclaim deed to her daughter Janila that included part of the disputed property she does not have any interest in. There is no nexus between an erroneous legal description in a 2002 deed and the clear delivery of the four deeds in the late 1960's. This argument has no merit.

Likewise, the claim that several parties saw Margret's 1974 will in attorney Gernon's office by which she attempted to devise land to her brother John that she had already given to her sisters does not require the district court to be reversed. As the district court noted, such a will has never been admitted, a copy is not in the record, and there is no evidence that it was signed or unsigned. Our holdings are clear that any factual assertion without an evidentiary basis in the record are deemed to be unsupported. Supreme Court Rule 6.02(d) (2007 Kan. Ct. R. Annot. 37). This assertion is not sufficient to be considered affirmative evidence to defeat a valid claim for summary judgment.

The claim that Margret's execution of three easements in the 1980's suggests she believed she had title to the land and never intended to deliver title to her sisters is not persuasive. Margret was the owner of record and the proper person to execute such documents, as was pointed out by the district court. Further, the easements do not shed any light on Margret's 1967 intent and are insufficient to controvert the material fact of delivery.

Finally, appellants theorize that Margret followed the advice of her attorney and did not deliver the deeds, that Isabel and Hazel

only obtained possession of the deeds after Margret's death, and that no valid delivery existed. This is nothing more than bold speculation, and the appellants have provided no factual basis for their creative imagination despite their obligation to do so to defeat summary judgment. See *Seitz*, 36 Kan. App. 2d 283, Syl. ¶ 8.

With summary judgment properly granted based on the delivery of all four deeds, there is no basis for consideration of the claim for an accounting of the income from the four tracts of real property. That request was properly denied as no legal basis exists for appellants to be entitled to an accounting of profits from the deeded real properties.

After considering all of the arguments of the appellants, we affirm the district court.