NOT DESIGNATED FOR PUBLICATION

No. 115,411

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

RICHARD L. MARCUM,
*Appellant*,

v.

HEINEN BROS. AGRA SERVICES, INC.,
*Appellee*.

MEMORANDUM OPINION

Appeal from Butler District Court; MICHAEL E. WARD, judge. Opinion filed October 28, 2016.
Affirmed.

*Randall K. Rathbun*, of Depew Gillen Rathbun & McInteer LC, of Wichita, for appellant.

*Elizabeth A. Vasseur-Browne*, of Cooling & Herbers, P.C., of Kansas City, Missouri, for
appellee.

Before BUSER, P.J., ATCHESON and POWELL, JJ.

*Per Curiam*:  Richard L. Marcum appeals the district court's grant of summary
judgment to Heinen Bros. Agra Services, Inc. (Heinen). Marcum argues two salient
points: first, that Heinen admitted liability, which should have precluded summary
judgment in Heinen's favor; and second, the district court erred in finding there was no
evidence to show the defendant had the requisite state of mind to commit the tort alleged.
Finding no error, we affirm.

1

In July 2013, several trees comprising the windbreak on the east side of Marcum's property in Butler County were damaged. Marcum believed the damage was due to the aerial application of herbicide by a crop duster. The adjacent land owner, Clyde Ballew, had hired Heinen to spray herbicide on weeds in his pasture. Ballew's trees were also damaged after the crop duster sprayed.

After Marcum learned Heinen had sprayed Ballew's property, he contacted the company by telephone and spoke to its general manager, Justin Kerns. In an affidavit, Marcum described his conversation with Kerns:

> "I told Kerns that not only had he killed Ballew's trees, my hedgerow was right across the road and he had killed mine as well. Kerns gave me a smart aleck answer about wishing he could recall what was in the tank so that they could kill all the trees next time. When he figured out that I was not amused, he admitted that they might have 'screwed up' and said that they did not deny killing my trees and that he wanted a price to replace them. He told me repeatedly he would come down and look at the trees, but never did."

Kerns filed an affidavit in which he acknowledged having spoken with Marcum by telephone; however, he denied admitting liability.

In October 2014, Heinen had an expert examine the damaged trees on Marcum's property. The expert's conclusion was limited solely to the total value of the damage. However, the report noted the same chemicals that had been applied to Ballew's property were present on Marcum's trees. The expert indicated: "This is a classic pattern with herbicide drift." The expert's report further noted information from the pilot's log which was attached as an appendix to the report. However, at no point in the course of discovery did Marcum depose or obtain affidavits from Ballew, Heinen's expert, or the pilot, nor did he depose Kerns or give a deposition of his own.

After the close of discovery, Heinen moved for summary judgment. In its motion, Heinen argued Marcum had failed to set forth evidence to support a negligence-based claim against Heinen. Specifically, Heinen argued an expert witness was necessary to establish breach of duty and causation, which Marcum did not have. Marcum responded that Heinen had admitted liability so the only issue in the case was damages. He also indicated his claim was not negligence-based; rather, it was based on trespass.

The district court granted Heinen's motion for summary judgment. In its ruling, the district court stated:

> "These competing affidavits from Mr. Marcum and Mr. Kerns may certainly be fodder for discussion or argument at a trial, but they do not provide a basis on which this Court could determine at this time that liability has been admitted by [Heinen]. Nor has [Marcum] filed a dispositive motion on this point. Should this case go to trial, a jury will need to decide if liability has been admitted by [Heinen] or otherwise established by [Marcum].
>
> . . . .
>
> "[Marcum] may well be correct in his assertion that part of [Heinen's] chemical application . . . drifted onto his property and damaged his trees. However, more than a mere assertion or belief on his part is required to survive summary judgment in an action for trespass. . . .
>
> ". . . There must be some evidence in the record that [Heinen] intentionally caused the chemical spray to drift onto [Marcum's] property, or at least that there was a substantial likelihood it would happen. . . . Kerns may have acknowledged fault on [Heinen's] part. However, [Kerns'] alleged statements, even if made by him, infer at best that [Heinen] was negligent. There is no suggestion in [Marcum's] affidavit that [Heinen] ever admitted intentionally spraying chemicals onto [Marcum's] property, or that [Heinen] knew when it sprayed [Ballew's] property that part of the chemical spray would drift onto [Marcum's] property."

Marcum timely appeals.

3

## DID THE DISTRICT COURT ERR BY GRANTING SUMMARY JUDGMENT IN FAVOR OF HEINEN?

The standard of review for summary judgment is well settled.

"'Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. The trial court is required to resolve all facts and inferences which may reasonably be drawn from the evidence in favor of the party against whom the ruling is sought. When opposing a motion for summary judgment, an adverse party must come forward with evidence to establish a dispute as to a material fact. In order to preclude summary judgment, the facts subject to the dispute must be material to the conclusive issues in the case. On appeal, we apply the same rules and when we find reasonable minds could differ as to the conclusions drawn from the evidence, summary judgment must be denied.' [Citation omitted.]" *Drouhard-Nordhus v. Rosenquist*, 301 Kan. 618, 622, 345 P.3d 281 (2015).

For purposes of summary judgment,

"an issue of fact is not genuine unless it has legal controlling force as to the controlling issue. A disputed question of fact which is immaterial to the issue does not preclude summary judgment. Stated another way, if the disputed fact, however resolved, could not affect the judgment, it does not present a genuine issue of material fact." *Northern Natural Gas Co. v. ONEOK Field Services Co.*, 296 Kan. 906, 934, 296 P.3d 1106, *cert. denied* 134 S. Ct. 162 (2013).

See *Sanchez v. U.S.D. No. 469*, 50 Kan. App. 2d 1185, 1192, 339 P.3d 399 (2014), *rev. denied* 302 Kan. 1011 (2015).

1.      *Heinen's alleged admission of liability does not preclude summary judgment.*

Marcum argues the district court erred in granting summary judgment to Heinen because of his contention that Heinen admitted liability. Relying principally on authority from other states, he argues Kern's extrajudicial admission can be used to prove fault in aerial drift cases. See *Maxwell v. Women's Clinic, P.A.*, 102 Idaho 53, 56, 625 P.2d 407 (1981) (Bistline, J., dissenting) (overwhelming weight of authority holds extrajudicial admissions can supply necessary basis for liability); see also *Schlatter v. Ibarra*, 218 Kan. 67, 72, 542 P.2d 710 (1975) (statement made by son of defendant admissible as vicarious admission of principal). We are unpersuaded by Marcum's arguments.

The key issue here is the nature of Marcum's claim—trespass—which the district court noted is an intentional tort. See *United Proteins, Inc. v. Farmland Industries, Inc.*, 259 Kan. 725, Syl. ¶ 4, 915 P.2d 80 (1996).

> "When a claim of trespass is based on a foreign matter intruding on the plaintiff's land, the plaintiff must show that the defendant intended the foreign matter to intrude on the plaintiff's land or that the defendant performed the act with knowledge that the act would, to a substantial certainty, result in the foreign matter entering the plaintiff's land. [Citation omitted.]" *Muhl v. Bohi*, 37 Kan. App. 2d 225, 229-30, 152 P.3d 93 (2007).

Therefore, in order to establish a trespass on his land, Marcum was required to prove that the pilot applying the herbicide knowingly and intentionally sprayed Marcum's property or that the pilot knew his act of spraying Ballew's property would, to a substantial certainty, result in herbicide entering Marcum's land.

Marcum claims Kerns' statement that Heinen might have "screwed up" constitutes an admission of liability. However, the record indicates Kerns was not the pilot who applied herbicide to Ballew's property. Kerns did not indicate he spoke with the pilot, and Marcum did not come forward with any evidence establishing they spoke. Nothing about

5

Kerns' statement indicated he had any personal knowledge as to the pilot's state of mind; therefore, it cannot serve as an admission to an intentional act. Accordingly, there is no evidence in the record from which rational inferences can be drawn.

The district court found Kerns' statement, taken at face value, could, at best, be seen as an admission to negligence. However, Marcum was not pursuing a negligence-based claim, so Kerns' statement did not support his case. Simply put, even if Kerns' statement could be seen as an admission of liability for *some* potential cause of action, it does not constitute an admission of liability for trespass. See *Northern Natural Gas Co.*, 296 Kan. at 934 (for summary judgment, disputed fact must be material to issues before trial court). Because we find Kern's statement to be insufficient to establish an admission of liability for trespass, we need not address Marcum's additional contention that he was not required to seek summary judgment on the issue of Heinen's alleged admission.

2.      *Marcum did not put forth evidence of the pilot's state of mind.*

To successfully pursue a claim of trespass, Marcum needed to prove that the pilot either intended to spray Marcum's land or that the pilot was substantially certain aerial drift would occur on Marcum's land by spraying Ballew's land. See *Muhl*, 37 Kan. App. 2d at 229-30. Marcum does not contend the pilot actually intended to spray Marcum's land, only that such drift was substantially certain to occur. Marcum cites to several cases from other jurisdictions which have held that whether something is substantially certain to occur is a question for the trier of fact. See *Quick v. Myers Welding & Fabricating, Inc.*, 649 So. 2d 999, 1002 (La. App. 1994), *writ denied* 653 So. 2d 598 (1995) (issue of intent or state of mind of actor a question of fact precluding summary judgment).

> "When the issue before the court is a question of intent, the court should be cautious in granting a motion for summary judgment. [Citation omitted.] If, however, a defendant can establish there is no evidence to support an essential element of the

6

plaintiff's claims, defendant is entitled to summary judgment. [Citation omitted.]" *Lofland v. Sedgwick County*, 26 Kan. App. 2d 697, 699, 996 P.2d 334 (1999).

While we agree with Marcum that the question of the pilot's intent is one of fact, the determinative question is whether Marcum *put forth evidence* of the pilot's state of mind.

Marcum did not depose the pilot or obtain an affidavit from him; he did not provide an expert opinion stating aerial drift was substantially certain to occur; and the statements from Kerns and Heinen's expert did not show a substantial certainty of aerial drift. Simply put, Marcum set forth no evidence to support this essential aspect of his claim. "A party cannot avoid summary judgment on the mere hope that something may develop later during discovery or at trial. [Citation omitted.] Mere speculation is similarly insufficient to avoid summary judgment. [Citation omitted.]" *Kincaid v. Dess*, 48 Kan. App. 2d 640, 656, 298 P.3d 358, *rev. denied* 297 Kan. 1246 (2013). Marcum failed to provide evidence of the pilot's intent or state of mind. The district court correctly granted summary judgment in favor of Heinen.

Affirmed.