(227 P.3d 992)
No. 101,732

THE UNIFIED GOVERNMENT OF WYANDOTTE COUNTY/KANSAS CITY, KANSAS, *Appellee*, v. TRANS WORLD TRANSPORTATION SERVICES, L.L.C., *Appellant*.

Opinion filed March 26, 2010.

*Anthony L. Gosserand,* of King Hershey, P.C., of Kansas City, Missouri, for appellant.

*Timothy P. Orrick* and *Anthony J. Orrick,* of Orrick & Associates, L.L.P., of Overland Park, for appellee.

Before MCANANY, P.J., GREEN and MALONE, JJ.

MCANANY, J.: Defendant, Trans World Transportation Services, L.L.C. (Trans World), appeals from the district court's order granting summary judgment to the Unified Government of Wyandotte County/Kansas City, Kansas (WyCo/KCK), on WyCo/KCK's claim for reformation of a deed on account of mutual mistake.

WyCo/KCK owned an 8.95-acre parcel of land at 400 Kindelberger Road which contained a 27,164-square-foot building in the northwest quadrant. In 1989, WyCo/KCK constructed a fire station occupying roughly 2.58 acres in the southwest quadrant of this 8.95-acre parcel. That fire station, which WyCo/KCK has operated since its construction, is located at 444 Kindelberger Road. The remaining 6.45-acre parcel was assigned a street address of 420 Kindelberger Road and a mailing address of 400 Kindelberger Road. Despite this change, the 8.95-acre parcel was never formally subdivided by deed or plat.

In December 1997, WyCo/KCK entered into a lease with Trans World which described the leased premises as: "One Building and Improved Grounds located at 420 Kindelberger Road, Kansas City,

Kansas, consisting of a total of 280,962 square feet or 6.45 acres (+/-), with a 27,164 square feet building . . . ."

The lease contained a survey showing the entire 8.95-acre parcel of land. It showed the two-story concrete fire station building and the 2.58-acre portion of the parcel upon which it is located in the southwest corner of the property. WyCo/KCK continued to operate the fire station at 444 Kindelberger Road while Trans World operated its business on the remainder of the parcel leased to it. Since execution of the lease in 1997, Trans World has never occupied the fire station property, and it was not part of the leased premises.

In 2004, WyCo/KCK sued Trans World over a lease dispute. Trans World never asserted any right or interest in the fire station property during the litigation.

In September 2007, the parties agreed to settle the lawsuit. WyCo/KCK agreed to sell Trans World the property and improvements that were the subject of the lease between the parties and were located generally at 400 Kindelberger Road. The settlement agreement made no reference to the fire station or the 2.58 acres on which it stands. The resolution of the WyCo/KCK commissioners authorized issuance of a deed conveying the property at 400 Kindelberger Road (the mailing address of the leased tract) to Trans World.

When WyCo/KCK ordered a title insurance commitment it mistakenly referred to the entire tract, not just the leased premises. The error was not caught before the closing, and the deed to Trans World conveyed the entire premises, including the fire station property.

Shortly thereafter, WyCo/KCK discovered the erroneous legal description and notified Trans World. Trans World refused to acknowledge that the mistake was mutual, and, in classic display of chutzpah, demanded that WyCo/KCK either negotiate a lease of the fire station or tell its firefighters to pack their bags and move out within 30 days. As a result, WyCo/KCK brought this action seeking, among other things, reformation of the deed on account of mutual mistake. The district court granted summary judgment to WyCo/KCK and ordered the filing of a deed containing the

correct legal description. Trans World objected to WyCo/KCK's proposed deed, and the court settled the matter pursuant to Supreme Court Rule 170 (2009 Kan. Ct. R. Annot. 245).

Trans World now appeals the order of summary judgment as well as the order accepting WyCo/KCK's form of corrected deed. We review the district court's rulings de novo. In doing so, we apply the same summary judgment rules and standards applicable in the district court. *Miller v. Westport Ins. Corp.*, 288 Kan. 27, 32, 200 P.3d 419 (2009).

" 'Mere speculation is insufficient to avoid summary judgment.' " *Seitz v. Lawrence Bank*, 36 Kan. App. 2d 283, 290, 138 P.3d 388, *rev. denied* 282 Kan. 791 (2006). Issues of fact are not material unless they have legal controlling force as to the controlling issue. Disputed questions of fact that are immaterial to the issue do not preclude summary judgment. *Mitchell v. City of Wichita*, 270 Kan. 56, 59, 12 P.3d 402 (2000).

## Mutual Mistake—Elements

To prove mutual mistake concerning a written instrument, a party must show by clear and convincing evidence: (1) an antecedent agreement that the written instrument undertakes to evidence; (2) that a mistake occurred in drafting the instrument and not the antecedent agreement it undertakes to evidence; and (3) when there is no fraud or inequitable conduct by a party, that the mistake is mutual. See *Sunfresh, Inc. v. Bean Acres, Inc.*, 180 F. Supp. 2d 1224, 1230 (D. Kan. 2001) (citing *Northern Pac. Ry. Co. v. U.S.*, 277 F.2d 615 [10th Cir. 1960]); and *Foster v. Allen*, 159 Kan. 116, 152 P.2d 818 (1944).

A mutual mistake in an instrument may be shown even if the parties did not carefully examine it to ascertain whether it expressed their agreement, as was the case in *Schlatter v. Ibarra*, 218 Kan. 67, 75, 542 P.2d 710 (1975) (citing *Home Owners' Loan Corp. v. Oakson*, 161 Kan. 755, 173 P.2d 257 [1946]; and *Zuspann v. Roy*, 102 Kan. 188, 170 P. 387 [1918]). Mere negligence in executing or accepting a written instrument is not a bar to reformation predicated upon mutual mistake. *Schlatter*, 218 Kan. at 75-76.

*Antecedent Agreement*

Here, the object of the deed was to effectuate the parties' antecedent settlement agreement. The settlement agreement repeatedly refers to the property to be conveyed as the property that was leased to Trans World, 400 Kindelberger Road. It makes no reference to the fire station or the 2.58 acres on which it is located. WyCo/KCK's commissioners authorized a deed conveying the property at 400 Kindelberger Road, the property leased to Trans World. It is clear that the antecedent agreement was to convey the leased property which did not include the fire station property.

*Mistake In Deed*

The mistake occurred in drafting the deed, not in drafting the settlement agreement. Here, the mistake arose when WyCo/KCK mistakenly requested a title commitment using the legal description of the entire tract. That legal description was later used in the preparation of the deed conveying the property to Trans World. The warranty deed delivered to Trans World and placed of record erroneously described more property than what was leased to Trans World and described in the settlement agreement.

Trans World suggests that the fact that the full parcel was never formally subdivided by deed or plat is evidence that the original lease and settlement agreement intended to convey the entire 8.95 acres to Trans World. We reject this notion. Trans World never claimed an interest in the 2.58-acre fire station premises before the deed was delivered to it. The 2.58 acres was used as a fire station during the entirety of the Trans World lease. The lease describes the leased premises as "One Building and Improved Grounds located at 420 Kindelberger Road . . . consisting of a total of 280,962 square feet or 6.45 acres (+/-), with a 27,164 square feet building (former Cooper-Transport/GM Property)." The lease covered one building, not two. The attached survey shows two buildings: the clearly identified fire station and the separate building Trans World occupied pursuant to the lease. The leased tract expressly consists of 6.45 acres, not the 8.95 acres that includes the fire station property. The fact that the full parcel was never formally subdivided by deed or plat is the reddest of herrings.

*Mutuality*

The mistake was not unilateral on the party of WyCo/KCK. There is clear and convincing evidence that both WyCo/KCK and Trans World believed the property being conveyed was the property that was the subject of the lease. The fire station property was not mentioned by either party during the course of the litigation that ended with execution of the settlement agreement, nor was it mentioned in the lease that the settlement agreement incorporated by reference. It is clear that the fire station property was included in the deed due to the mutual mistake of the parties, and WyCo/KCK would be prejudiced absent reformation of the original deed.

Trans World claims there remains an issue regarding when and under what circumstances WyCo/KCK discovered the mistake. When and how WyCo/KCK discovered the mistake is entirely immaterial to the issue of whether there was a mutual mistake.

Trans World also argues that whether WyCo/KCK actually made a mistake remains unresolved because after the deed was issued and recorded, WyCo/KCK sent Trans World a tax statement and notices of appraised value identifying Trans World as the owner of the entire tract. The issuance of the tax statement and the notices of appraised value were consistent with the record of the ownership of the property at the time they were sent because of the erroneous legal description in the deed, the source document used by the treasurer and appraiser in issuing the tax statement and valuation notices. These documents show that the mistake had not yet been corrected, not that a mistake had not been made.

There is overwhelming evidence of the mutual mistake by the parties in delivering and accepting a deed inconsistent with their clear intention expressed in their unambiguous settlement agreement. The district court did not err in sustaining WyCo/KCK's motion for summary judgment based on mutual mistake.

*Reformation*

When a mutual mistake is made in describing property in a deed and the instrument does not convey the property intended, the deed may be reformed to conform to the parties' original intentions. See *Schlatter*, 218 Kan. at 68-70. This is because when prop-

erty is included in a deed by mutual mistake and the parties never intended such property to be conveyed, the grantor is under no obligation to convey such property, and the grantee has no right to retain such property. Under these circumstances, the court will step in to correct the mistake, provided that the grantor would be prejudiced by a failure to reform the deed, and the grantor's position in equity is superior to that of the grantee. 218 Kan. at 70.

Trans World claims that a genuine issue of material fact remains as to the actual boundary of the property to be conveyed. It contends that the district court erred in approving the corrected deed because its legal description conveyed less property than the parties anticipated in the settlement agreement; *i.e.*, the corrected deed did not convey all property outside the fire station fence.

Trans World leased from WyCo/KCK a tract that consisted of 6.45 acres, more or less. Attached to the lease was a survey showing the entire tract, including the area set aside for the fire station. The boundary of the fire station property was 325 feet on the east side and 345 feet on the north side. The reformed deed used the same survey and carved out of the entire tract the same 325 by 345 foot portion of the property used for the fire station. The remaining property conveyed to Trans World is the property originally contemplated by the parties; that is, the entire parcel less the 325- by 345-foot portion set aside for the fire station. The district court did not err in settling the journal entry by approving the reformed deed.

*Merger*

Finally, Trans World contends that the district court erred by failing to find that the terms of the settlement agreement merged into the original deed, precluding judgment for WyCo/KCK as a matter of law.

The doctrine of merger provides that when a deed is delivered and accepted to fulfill a contract of conveyance, the contract is presumed to merge into the deed. However, whether that presumption applies depends on the intent of the parties. See *Blair Construction, Inc. v. McBeth*, 273 Kan. 679, 684-88, 44 P.3d 1244 (2002). Here, clear and convincing evidence establishes that the

original deed was the product of a mutual mistake and that the parties intended for the conveyance to be of the property described in the lease and settlement agreement. Therefore, to merge the settlement agreement into the original deed would violate the intent of the parties, because the original deed conveyed different property than intended by the settlement agreement. See *Panos v. Olsen and Associates Const. Inc.*, 123 P.3d 816, 820 (Utah 2005). To apply the merger doctrine would frustrate reformation and prevent the parties from realizing their true intentions. The district court did not err in refusing to apply the doctrine of merger.

Affirmed.