NOT DESIGNATED FOR PUBLICATION

No. 111,575

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

WELLS FARGO BANK, N.A.,
*Appellee*,

v.

ROBERT GOODMAN, et al.,
*Appellants*.

MEMORANDUM OPINION

Appeal from Jefferson District Court; GARY L. NAFZIGER, judge. Opinion filed October 30, 2015.
Affirmed.

*Donna L. Huffman*, of the Law Office of Donna L. Huffman, of Oskaloosa, for appellants.

*Michelle M. Masoner* and *Jennifer Donnelli*, of Bryan Cave LLP, of Kansas City, Missouri, for
appellee.

Before LEBEN, P.J., GREEN, J., and JEFFREY E. GOERING, District Judge, assigned.

*Per Curiam*:  In this mortgage foreclosure action, Velda Goodman appeals the trial
court's granting of summary judgment in favor of Wells Fargo Bank, N.A. The trial court
ruled that Wells Fargo was the holder of the note and the mortgage and that the
Goodmans had defaulted on the loan.

On appeal, Velda argues that Wells Fargo was not entitled to summary judgment
because there were genuine issues of material fact. Velda contends that the mortgage was
void as a matter of law, and therefore, Wells Fargo was not entitled to foreclose on the

1

property. Velda also maintains that Wells Fargo's counsel repeatedly made false representations to the court which should result in sanctions.

Finding no error, we affirm.

On April 29, 2005, Robert Goodman executed and delivered a note to First Magnus Financial Corporation, promising to pay First Magnus the principal sum of $134,826 plus interest in monthly installments. As security for the note, Robert and his wife, Velda, signed the mortgage on their Ozawkie home, which was filed with the Jefferson County Register of Deeds on May 2, 2005. On May 30, 2012, an assignment of the mortgage to Wells Fargo was filed with the Jefferson County Register of Deeds.

The note was endorsed by First Magnus to Wells Fargo. Wells Fargo then endorsed the note "in blank."

After Robert Goodman passed away, the Goodmans' payments on the loan stopped. On August 28, 2012, Wells Fargo filed this foreclosure action.

In response, Velda filed an answer and numerous counterclaims against Wells Fargo. Velda alleged that Wells Fargo violated the Real Estate Settlement Procedures Act (RESPA), the Truth in Lending Act (TILA), and the Kansas Consumer Protection Act (KCPA).

Wells Fargo moved to dismiss Velda's counterclaims. The trial court held two hearings on the motion to dismiss. Ultimately, the trial court granted Wells Fargo's motion to dismiss. The trial court held that Velda had not raised a viable defense or counterclaim to the foreclosure. The court further found that Velda had abandoned the property, that Wells Fargo had possession of the note and the mortgage, and that the Goodmans were in default.

2

On July 24, 2013, Velda moved to set aside the journal entry dismissing her counterclaims. Specifically, at the hearing on Wells Fargo's motion to dismiss, Velda argued that Wells Fargo's counsel told the court that it had an original copy of the mortgage in Wells Fargo's loan records. Yet, the journal entry did not state that Wells Fargo had possession of the original mortgage.

On August 6, 2013, the trial court held a hearing on Velda's motion to set aside the journal entry. At the hearing, Wells Fargo's counsel corrected her previous statement and told the court that Wells Fargo did not have the original mortgage. Wells Fargo's counsel then told the court that the mortgage and its assignment to Wells Fargo were recorded with the Jefferson County Register of Deeds. The trial court ultimately denied Velda's motion to set aside the journal entry finding that the journal entry correctly reflected the court's rulings.

On September 9, 2013, Wells Fargo moved for summary judgment. Velda moved in opposition to summary judgment and also filed a cross-motion for summary judgment arguing that there was a split with the note and the mortgage, that the mortgage was void due to statutory violations, and that the mortgage was void by rescission.

On November 6, 2013, the court held a hearing on the motions for summary judgment. The court granted Wells Fargo's motion for summary judgment finding that it was the holder of the note, and that the mortgage was properly recorded in Jefferson County, Kansas, and that the Goodmans were in default. The court then denied all of Velda's claims finding that they were without merit.

Velda argued her motion for sanctions against Wells Fargo's attorney for her numerous misrepresentations to the court regarding the location of the mortgage. The trial court denied the motion for sanctions finding that the comments were inadvertent and that counsel properly remedied the misstatements after discovering the error. The

3

court held: "There was no demonstrable evidence to indicate that [counsel] intended to mislead or deceive the Court or invite error."

The foreclosure sale occurred on April 22, 2014. Velda's redemption rights were extinguished by the court on June 19, 2014.

*Did the Trial Court Err in Granting Summary Judgment in Favor of Wells Fargo?*

Velda first argues that there were genuine issues of material fact and that the trial court erred in granting Wells Fargo's motion for summary judgment. Velda contends that Wells Fargo lacked standing to bring the foreclosure suit and also maintains that there was a split between the note and the mortgage.

When the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law, summary judgment is appropriate. K.S.A. 2014 Supp. 60-256(c)(2). The trial court is required to resolve all facts and inferences which may reasonably be drawn from the evidence in favor of the party against whom the ruling is sought. When opposing a motion for summary judgment, an adverse party must come forward with evidence to establish a dispute as to a material fact. In order to preclude summary judgment, the facts subject to dispute must be material to the conclusive issues in the case. On appeal, the same rules apply; summary judgment must be denied if reasonable minds could differ as to the conclusions drawn from the evidence. *Waste Connections of Kansas, Inc. v. Ritchie Corp.*, 296 Kan. 943, 962, 298 P.3d 250 (2013).

When challenging the moving party's factual contentions, the nonmoving party must "concisely summarize the conflicting testimony or evidence and any additional genuine issues of material fact" with precise references to the relevant portion of the

4

record. Supreme Court Rule 141(b)(1)(C)(i)-(ii) (2014 Kan. Ct. R. Annot. 257). Accordingly, allegations, uncertainty, and "[m]ere speculation [are] insufficient to avoid summary judgment." *Seitz v. Lawrence Bank*, 36 Kan. App. 2d 283, 290, 138 P.3d 388, *rev. denied* 282 Kan. 791 (2006). Furthermore, an issue of fact is not genuine unless it has legal controlling force as to the controlling issue. A disputed question of fact which is immaterial to the issue does not preclude summary judgment. In other words, if the disputed fact, however resolved, could not affect the judgment, it does not present a genuine issue for purposes of summary judgment. *Northern Natural Gas Co. v. ONEOK Field Services Co.*, 296 Kan. 906, 934, 296 P.3d 1106, *cert. denied* 134 S. Ct. 162 (2013); *Carr v. Vannoster*, 48 Kan. App. 2d 19, 21, 281 P.3d 1136 (2012). Additionally, to the extent this case involves a jurisdiction question—whether Wells Fargo has standing to bring this foreclosure action—our review is unlimited. *Board of Sumner County Comm'rs v. Bremby*, 286 Kan. 745, Syl. ¶ 1, 189 P.3d 494 (2008).

Our court recently held that

"in order to grant summary judgment in a mortgage foreclosure action, the trial court must find undisputed evidence in the record that the defendant signed a promissory note secured by a mortgage, that the plaintiff is the valid holder of the note and the mortgage, and that the defendant has defaulted on the note." *Bank of America v. Inda*, 48 Kan. App. 2d 658, 664, 303 P.3d 696 (2013).

See also *MetLife Home Loans v. Hansen*, 48 Kan. App. 2d 213, Syl. ¶ 1, 286 P.3d 1150 (2012).

Therefore, in this case, if there are no genuine issues of material fact (1) regarding Wells Fargo's beneficial interest in the note signed by Robert; (2) regarding Wells Fargo's beneficial interest in the mortgage signed by Robert and his wife, Velda, to secure the Note; and (3) regarding a default on the note, then Wells Fargo is entitled to judgment as a matter of law.

It is undisputed that the Goodmans are in default on the note. Thus, the third condition, or requirement, for foreclosure is met on the undisputed facts. Velda does not challenge that the loan is in default and admits that she does not have a default defense to the foreclosure action. This admission by Velda is sufficient to show that the Goodmans were in default on the note.

It is also undisputed that Wells Fargo is in possession of the original note signed by Robert. Wells Fargo presented the original note in court, and Velda does not take issue with that fact. Instead, Velda maintains that Wells Fargo was not the holder of the mortgage. Velda essentially argues that there was a split between the note and the mortgage because Wells Fargo did not possess the original mortgage.

It is true that if "a mortgage loan somehow separates interests of the note and the deed of trust, with the deed of trust lying with some independent entity, the mortgage may become unenforceable." *Landmark Nat'l Bank v. Kesler*, 289 Kan. 528, 540, 216 P.2d 158 (2009); see *Mortgage Electronic Registration Systems v. Graham*, 44 Kan. App. 2d 547, 554, 247 P.3d 223 (2010). Nevertheless, it is also true that "a promissory note and the mortgage securing it are, as a general rule, inseparable." *U.S. Bank NA v. McConnell*, 48 Kan. App. 2d 892, 906, 305 P.3d 1, *rev. denied* 298 Kan. 1208 (2013). Additionally, the holder of a note, meaning the person in possession of the note or the person who the note is endorsed to, is entitled to enforce the note even if he or she is not its owner or is in wrongful possession. K.S.A. 84-3-301; K.S.A. 2014 Supp. 84-1-201(b)(21); *Inda*, 48 Kan. App. 2d at 665-66.

Under K.S.A. 2014 Supp. 84-1-201(b)(21), "holder" is defined as:

> "(A) The person in possession of a negotiable instrument that is payable either to bearer or to an identified person that is the person in possession; or

6

"(B) the person in possession of a negotiable tangible document of title if the goods are deliverable either to bearer or to the order of the person in possession; or

"(C) the person in control of a negotiable electronic document of title."

Additionally, under K.S.A. 84-3-205(b), like in this case, a note can be endorsed "in blank," which means that the instrument becomes payable to the bearer and may be negotiated by transfer of possession alone until specifically endorsed.

According to these provisions of the UCC, Wells Fargo was entitled to enforce the note against Robert upon a showing that the note was made payable to Wells Fargo or endorsed in blank and upon a showing that Wells Fargo remained in possession of the note.

Here, Robert signed a promissory note to First Magnus, secured by a real estate mortgage that he and Velda both signed. The record shows that the note was then endorsed by First Magnus to Wells Fargo. Wells Fargo then endorsed the note "in blank." Wells Fargo presented the original note to the trial court and to Velda for inspection.

Based on these facts, Wells Fargo is the holder of the note because Wells Fargo presented the original note to the trial court, which showed the previous endorsements, with the last endorsement made "in blank."

The main issue in this case is whether Wells Fargo had the authority to enforce the mortgage. In this case, Wells Fargo presented a true and accurate copy of the mortgage that was recorded with the Jefferson County Register of Deeds. Although Wells Fargo did not possess the original mortgage itself, the copy from the register of deeds showed that it was assigned to Wells Fargo.

7

As a general rule, under Kansas mortgage law, the mortgage follows the note. See *Kurtz v. Sponable*, 6 Kan. 395, 397 (1870). One in possession of the note should be regarded as having a perfected security interest in that note, with the mortgage to follow. *Army Nat'l Bank v. Equity Developers, Inc.*, 245 Kan. 3, 18, 774 P.2d 919 (1989). Under K.S.A. 84-3-308(b), once the validity of the signature is admitted, a plaintiff producing a promissory note is entitled to payment so long as the plaintiff is the holder of the note and so long as the defendant does not provide a defense.

As stated earlier, Wells Fargo possessed the original note and produced it to the trial court and to Velda for inspection. This possession is sufficient to establish standing to foreclose. See *Hansen*, 48 Kan. App. 2d at 225. Velda presented no evidence that the note was owned by another person or entity on the date the action was filed or anytime thereafter. Thus, Wells Fargo had standing to bring the foreclosure action.

Wells Fargo demonstrated that Robert signed a note and that both Robert and Velda signed the mortgage. Wells Fargo also showed that it validly held the note and mortgage, and that the Goodmans defaulted. Velda failed to raise any genuine issues of fact regarding any of these required elements. Therefore, based on the record, Wells Fargo was entitled to summary judgment, and the trial court did not err in granting it.

*Rescission*

In passing, Velda mentions a federal right to rescind under the Truth in Lending Act (TILA). In her brief, Velda fails to fully argue this point and simply states that it was "briefed in [her] summary judgment motion." A point raised incidentally in a brief and not argued therein is deemed abandoned. *Friedman v. Kansas State Bd. of Healing Arts*, 296 Kan. 636, 645, 294 P.3d 287 (2013). Failure to support a point with pertinent authority or show why it is sound despite a lack of supporting authority or in the face of

8

contrary authority is akin to failing to brief the issue. *State v. Tague*, 296 Kan. 993, 1001, 298 P.3d 273 (2013). Thus, we find this issue is abandoned.

Further, 15 U.S.C. § 1635(e)(1) (2012) states that the right of rescission does not apply to a residential mortgage transaction. Because the Goodmans created a purchase money security interest in favor of Wells Fargo (or First Magnus originally) to finance the home, the home was exempt from the right of rescission. Thus, Velda's claim fails.

*Void Mortgage*

Velda also argues that the mortgage was unenforceable as a matter of law because it was void for violating the Kansas Uniform Consumer Credit Code (KUCCC).

This issue requires us to interpret the KUCCC. Interpretation of a statute is a question of law over which appellate courts have unlimited review. *Cady v. Schroll*, 298 Kan. 731, 734, 317 P.3d 90 (2014).

The purpose of the KUCCC is "to protect consumer buyers, lessees, and borrowers against unfair practices by some suppliers of consumer credit, having due regard for the interests of legitimate and scrupulous creditors." K.S.A. 16a-1-102(2)(d). Nevertheless, the KUCCC does not apply to all consumer loans. K.S.A. 16a-1-301(17)(b)(i) states that a consumer loan does not include a loan secured by a first mortgage unless one of the two exceptions apply:

"(b) Unless the loan is made subject to the uniform consumer credit code by written agreement, a 'consumer loan' does not include:

"(i) A loan secured by a first mortgage unless:

"(A) The loan-to-value ratio of the loan at the time when made exceeds 100%; or

> "(B) in the case of subsection (1) of K.S.A. 16a-3-308a, and amendments thereto, the annual percentage rate of the loan exceeds the code mortgage rate."

The "code mortgage rate" is further defined as a rate exceeding at least 12%. K.S.A. 16a-1-301(11)(a). Neither of these two exceptions applies in this case. First, the note had a 6.375% rate which clearly does not exceed the 12% requirement. Second, the record shows that the loan-to-value ratio was 96.999% which does not exceed the 100% requirement. Thus, Velda failed to show that her loan was a consumer loan covered by the KUCCC.

In her brief, Velda simply assumes that her loan is a consumer loan covered by the KUCCC without actually applying the statutes to show that it applies. Instead, she jumps straight to the subsections of the KUCCC that could possibly provide relief if her loan was covered by the KUCCC. As Wells Fargo argues and the trial court correctly held, the KUCCC does not apply to this loan and Velda's argument fails.

*Did the Trial Court Err in Denying Velda's Motion for Additional Discovery?*

Next, Velda contends that the trial court abused its discretion in denying her additional discovery. Velda maintains that her due process rights were violated when the court denied her additional discovery regarding her counterclaims to the foreclosure action.

Control of discovery is entrusted to the sound discretion of the trial court, and orders concerning discovery will not be disturbed on appeal absent a clear abuse of discretion. *Hill v. Farm Bur. Mut. Ins. Co.*, 263 Kan. 703, 704, 952 P.2d 1286 (1998); see *Northern Natural Gas Co.*, 296 Kan. at 935. A judicial action constitutes an abuse of discretion if the action (1) is arbitrary, fanciful, or unreasonable; (2) is based on an error of law; or (3) is based on an error of fact. *Northern Natural Gas Co.*, 296 Kan. at 935. In

10

other words, a trial court exceeds its discretion if no reasonable judicial officer would rule as the trial court did under the circumstances, if it ignores controlling facts or relies on unproven factual representations, or if it acts outside the applicable legal framework. *Schoenholz v. Hinzman*, No. 110,388, 2014 WL 4627584, at *4 (Kan. App. 2014) (unpublished opinion) (citing *State v. Ward*, 292 Kan. 541, Syl. ¶ 3, 256 P.3d 801 [2011], *cert. denied* 132 S. Ct. 1594 [2012]).

Wells Fargo filed its petition on August 28, 2012. On December 9, 2012, Velda filed a notice of discovery requests which showed 26 requests for admission and 24 requests for production of documents. Wells Fargo filed its objections and responses to Velda's discovery requests on January 16, 2013. Then, on May 30, 2013, Wells Fargo moved for a protective order from discovery arguing that the requested discovery was overbroad, burdensome, and irrelevant to the foreclosure action. In response, on June 14, 2013, Velda moved to compel discovery responses. A hearing was held on June 27, 2013, where the court heard argument on Wells Fargo's motion to dismiss Velda's counterclaims and Velda's discovery requests. At the hearing, the court granted Wells Fargo's motion to dismiss Velda's counterclaims with prejudice. The court also denied Velda's discovery requests, finding that any additional discovery would be superfluous. Specifically, the trial court ruled that

> "the Court finds that an officer of the Court, plaintiff's [Wells Fargo] counsel, is given the Court to understand that they hold the original mortgage and the original note. Copies should be provided to defense. And, based upon Kansas law, there is a—they're holders in due course. The notes [*sic*] in default, and they're entitled to proceed with the mortgage which follows the note by Kansas law. Any further discovery the Court finds is superfluous and is denied."

In this case, the trial court dismissed Velda's counterclaims and denied her discovery requests after finding that Wells Fargo had standing to foreclose. The court found that Wells Fargo was a holder in due course and that the note was in default. The

11

trial court found that Wells Fargo was in possession of the original note, that Wells Fargo was in possession of the original mortgage (which it was later discovered that they only possessed a copy of the mortgage from the register of deeds office), and that the note was in default. After reviewing the motions and hearing arguments, the trial court held that there was no merit to Velda's counterclaims and that any additional discovery was unnecessary. The necessary documents for this foreclosure action were attached to Wells Fargo's petition. Thus, although the trial court incorrectly held that Wells Fargo possessed the original mortgage, that fact alone did not hold the key to Wells Fargo's standing to foreclose.

Moreover, the focus of Velda's arguments for additional discovery centered on the mistaken belief that ownership of the mortgage is what controls in foreclosure actions. In *Inda*, our court held that the holder of the note does not need to be the owner of the note to be able to enforce it. 48 Kan. App. 2d at 667. Therefore, because Wells Fargo was able to show that it is the holder of the Note that is endorsed "in blank," it is irrelevant whether Wells Fargo is the owner of the note. It should also be noted that Velda failed to brief any of her counterclaim arguments; therefore, those arguments are waived. See *Superior Boiler Works*, *Inc. v. Kimball*, 292 Kan. 885, 889, 259 P.3d 676 (2011).

Additionally, the law is clear that a party cannot avoid summary judgment on the mere hope that something may develop later during discovery or at trial. See *U.S.D. No. 232 v. CWD Investments*, 288 Kan. 536, 559, 205 P.3d 1245 (2009). Mere speculation is similarly insufficient to avoid summary judgment. *Unified Gov't of Wyandotte County v. Trans World Transp. Svcs.,* 43 Kan. App. 2d 487, 490, 227 P.3d 992 (2010). As a result, we find that the trial court did not abuse its discretion in denying Velda's request for additional discovery.

*Did the Trial Court Err in Denying Velda's Motion for Sanctions?*

Finally, Velda argues that the trial court erroneously denied her motion for sanctions under K.S.A. 2014 Supp. 60-211(b), which was based on multiple representations by Wells Fargo's counsel that the original mortgage was contained in the loan file. This statement was later corrected by Wells Fargo when it was determined that Wells Fargo only had a copy of the original mortgage from the register of deeds.

Under K.S.A. 2014 Supp. 60-21l(b)-(c), the trial court has discretion to award sanctions if a party files suit for an improper purpose, presents frivolous legal arguments, or presents factual contentions that lack evidentiary support:

"(b) *Representations to the court.* By presenting to the court a pleading, written motion or other paper, whether by signing, filing, submitting or later advocating it, an attorney or unrepresented party certifies that to the best of the person's knowledge, information and belief formed after an inquiry reasonable under the circumstances:

"(1) It is not being presented for any improper purpose, such as to harass, cause unnecessary delay or needlessly increase the cost of litigation;

"(2) the claims, defenses and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying or reversing existing law or for establishing new law;

"(3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

"(4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

"(c) *Sanctions.* If, after notice and a reasonable opportunity to respond, the court determines that subsection (b) has been violated, the court may impose an appropriate sanction on any attorney, law firm or party that violated the statute or is responsible for a violation committed by its partner, associate or employee. The sanction may include an order to pay to the other party or parties that [the] reasonable expenses, including attorney's fees, incurred because of the filing of the pleading, motion or other paper."

Wells Fargo asserts that the trial court correctly denied Velda's motion for sanctions under K.S.A. 2014 Supp. 60-211, because K.S.A. 2014 Supp. 60-211 does not apply to claims made orally. To support this contention, Wells Fargo cites to *In re Marriage of Stockham*, 23 Kan. App. 2d 197, 202, 928 P.2d 104 (1996), which held that K.S.A. 60-211 "[does] not apply to claims made orally." The court also cited other cases which held that Rule 11 sanctions, which is what K.S.A. 60-211 is based on, only apply to papers filed with the court. See *State v. Phelps*, 226 Kan. 371, 380, 598 P.2d 180 (1979); *Trulis v. Barton*, 67 F.3d 779, 789 (9th Cir. 1995) (Rule 11 sanctions only available with regard to papers filed with the court); *White v. American Airlines, Inc.,* 915 F.2d 1414, 1426 (10th Cir. 1990) (Rule 11 focuses on the individual who signs the document in question); Comment, *Frivolous Litigation, Discretionary Sanctioning and a Safe Harbor: The 1993 Revision of Rule 11*, 43 Kan. L. Rev. 207, 217 (1994).

We rely on the holding in *In re Marriage of Stockham* and find that K.S.A. 2014 Supp. 60-211 does not apply to the facts in this case.

Here, the trial court found that there was no evidence that Wells Fargo's counsel intended to mislead or deceive the court or to invite error. The trial court further found that counsel's comments were inadvertent and were later remedied. Thus, the court denied Velda's motion for sanctions.

When reviewing the trial court's decision about sanctions, this court uses an abuse of discretion standard. *In re Marriage of Bergmann & Sokol*, 49 Kan. App. 2d 45, 50, 305

14

P.3d 664 (2013). A court abuses its discretion if its decision is unreasonable or based on a legal or factual error:

> "Judicial discretion is abused if judicial action (1) is arbitrary, fanciful, or unreasonable, *i.e.*, if no reasonable person would have taken the view adopted by the trial court; (2) is based on an error of law, *i.e.,* if the discretion is guided by an erroneous legal conclusion; or (3) is based on an error of fact, *i.e.,* if substantial competent evidence does not support a factual finding on which a prerequisite conclusion of law or the exercise of discretion is based." *State v. Ward*, 292 Kan. 541, 550, 256 P.3d 801 (2011), *cert. denied* 132 S. Ct. 1594 (2012).

Velda, as the party asserting the trial court abused its discretion, bears the burden of showing such abuse of discretion. *Northern Natural Gas Co. v. ONEOK Field Services Co.*, 296 Kan. 906, 935, 296 P.3d 1106, *cert. denied* 134 S. Ct. 162 (2013).

Velda has failed to meet her burden of proof. Although it is true that Wells Fargo's attorney incorrectly told the court (on multiple occasions) that it possessed the original mortgage, Velda has failed to show that this statement or misrepresentation prejudiced her case. Velda attempts to show that she was prejudiced by these misrepresentations because the trial court denied her motion for discovery and also dismissed her counterclaims. Nevertheless, notwithstanding Wells Fargo's attorney's comments, the trial court had the necessary documents attached to the petition. Wells Fargo attached the original note and a copy of the original mortgage from the register of deeds to its petition. In Velda's answer, she admitted that she signed the mortgage, that the mortgage was recorded in the Jefferson County Register of Deeds Office, and that the loan was in default. Thus, the trial court had sufficient evidence before it to deny Velda's motion for additional discovery and to dismiss her counterclaims.

Affirmed.

15