NOT DESIGNATED FOR PUBLICATION

No. 123,222

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

APPROVED PAVING, LLC,
*Appellant*,

v.

PAUL HEINEN AND ASSOCIATES, INC., et al,
*Appellees*.

MEMORANDUM OPINION

Appeal from Jefferson District Court; GARY L. NAFZIGER, judge. Opinion filed December 10, 2021. Affirmed.

*John W. Fresh*, of Farris, Fresh & Werring Law Offices, of Atchison, for appellant.

*Cynthia J. Sheppeard* and *Arthur E. Palmer*, of Goodell, Stratton, Edmonds & Palmer, LLP, of Topeka, for appellees.

Before ARNOLD-BURGER, C.J., ATCHESON and HURST, JJ.

PER CURIAM: The Jefferson County District Court rejected claims of Approved Paving, LLC, for unjust enrichment and to enforce a lien against the owners of a commercial parking lot for resurfacing work the company did as a subcontractor. Based on the limited—and distinctly odd—summary judgment record, the district court found that Approved Paving failed to timely perfect a statutory mechanic's lien and that the undisputed facts could not reasonably support equitable relief based on unjust enrichment. The district court, therefore, entered summary judgment for the parking lot

1

owners. On Approved Paving's appeal, we see no reversible error and affirm the district court.

In reviewing a district court's entry of summary judgment, we must consider the undisputed facts in the best light for the losing party, here Approved Paving, and give that party the benefit of any reasonable inferences drawn from those facts. A district court properly grants summary judgment if there are no disputed material facts and the moving party is entitled to judgment as a matter of law on that factual record. *Bouton v. Byers*, 50 Kan. App. 2d 34, 36-37, 321 P.3d 780 (2014).

Paul Heinen and Associates, Inc., and five individuals own properties in Valley Falls that share a private parking lot. When the parking lot needed resurfacing, the property owners authorized Paul Heinen, the namesake of the corporation, to engage an appropriate vendor to handle the project. In August 2017, Heinen communicated with Omni Property Services. The company submitted a proposal, and Heinen, through his company, tendered a $3,153.60 deposit, reflecting about a third of the agreed price for the project. The parking lot didn't get resurfaced. Nothing happened for months.

The summary judgment record shows that the following April, Arcadia Realty Corporation, a company headquartered in Wilmington, Delaware, communicated with Approved Paving about resurfacing the parking lot. Arcadia Realty and Approved Paving entered into an agreement for the job on May 8, 2018, using a bid form that stated the price of $12,427.50 and abbreviated work specifications. They never had a more detailed written contract. Approved Paving resurfaced and striped the parking lot, completing the work on May 16. Approved Paving promptly billed Arcadia Realty. The company didn't get paid. Nothing happened for months.

In the meantime, however, the parking lot owners paid Omni Property Services for the resurfacing consistent with the agreement Heinen made with that company.

2

The summary judgment record shows Heinen had no communication with Arcadia Realty or Approved Paving and Approved Paving had no communication with Omni Property Services. Nothing in the record indicates Arcadia Realty and Omni Property Services communicated with each other. How Arcadia Realty knew about the resurfacing project to then invite a bid from Approved Paving is simply a void. We can neither infer nonexistent facts nor draw inferences lacking some factual anchor to fill such an evidentiary hole. See *Williamson v. City of Hays*, 275 Kan. 300, 307, 64 P.3d 364 (2003) (party opposing summary judgment must offer "specific facts" showing genuine issue for trial); *Unified Gov't of Wyandotte County v. Trans World Transp. Svcs.*, 43 Kan. App. 2d 487, 490, 227 P.3d 992 (2010) ("mere speculation" insufficient to resist properly supported motion for summary judgment).

Stymied in its efforts to get paid, Approved Paving filed an extension with the clerk of the district court on September 14, 2018, to file a mechanic's lien for the resurfacing work. The company filed a mechanic's lien on October 16.

Still stymied, Approved Paving filed an action against Paul Heinen and Associates and the other owners of the parking lot to enforce the lien. The company later filed an amended petition adding the claim for unjust enrichment. The parties undertook apparently limited discovery—no depositions are cited in the record—reflecting an understandable approach given the base amount of the claim. As we have indicated, the district court filed a short letter ruling on July 14, 2020, granting summary judgment to the defendants. Approved Paving has appealed.

*Lien Claim*

On appeal, the parties presume Approved Paving could file a statutory lien as either a contractor or a subcontractor for the resurfacing work it performed. See K.S.A. 60-1101 (contractor's lien); K.S.A. 60-1103 (subcontractor's lien). We accept their assumption and decide the issue accordingly. But the facts at least arguably suggest Approved Paving never contracted with the owners or with a party that did, since there is no factual support in the record for any agreement between the owners and Arcadia Realty or between Omni Property Services and Arcadia Realty. Under K.S.A. 60-1101, a party must contract with the property owner to have lien rights. And under K.S.A. 60-1103(a), a subcontractor must have "an agreement with the contractor, subcontractor or owner contractor" to have lien rights.

The district court held Approved Paving was a subcontractor because the company communicated with only Arcadia Realty and never with the parking lot owners. A subcontractor must file a statutory lien within three months after supplying labor or materials used on the property. K.S.A. 60-1103(a)(1). But a subcontractor may extend that time to five months if it files an extension within the original three-month period. K.S.A. 60-1103(e).

Here, Approved Paving failed to comply with that schedule. The company filed the extension more than three months after it completed the resurfacing, rendering the request untimely and ineffective. In turn, the lien itself was also untimely filed. The Kansas appellate courts regularly recognize that parties asserting statutory construction liens must strictly comply with the filing requirements. See *Owen Lumber Co. v. Chartrand*, 283 Kan. 911, 914-15, 157 P.3d 1109 (2007) (recognizing as "well known"

4

the Kansas rule of strict compliance to obtain enforceable lien); *In re Lien Against the District at City Center*, 57 Kan. App. 2d 884, 887-88, 462 P.3d 181 (2020).

Approved Paving tries to avert that result by pointing to allegations in its petition and amended petition that Arcadia Realty acted as the agent for the parking lot owners, thereby establishing a contract with the owners. In turn, Approved Paving would be a contractor rather than a subcontractor, and its extension and lien would have been timely. A contractor may file for a one-month extension to file a lien up to four months after completing the work. See K.S.A. 60-1102(a) (contractor must file lien within four months after work); (c) (one-month extension to file lien permitted if requested within four-month period). But Approved Paving cannot rely on the assertions in its pleadings to resist a summary judgment motion, since they are mere claims rather than facts supported in admissible evidentiary materials such as affidavits, interrogatories, or deposition testimony. See K.S.A. 2020 Supp. 60-256(e)(2); *Lambert v. Peterson*, 309 Kan. 594, 598-99, 439 P.3d 317 (2019); *MetLife Home Loans v. Hansen*, 48 Kan. App. 2d 213, 218, 286 P.3d 1150 (2012) ("[A] party opposing summary judgment may not rely merely on allegations or denials in its own pleadings.").

Given those principles governing the determination of summary judgment motions and the record evidence, the district court correctly held that Approved Paving did not have a statutory lien that could be enforced against the owners of the parking lot.

*Unjust Enrichment*

Unjust enrichment—sometimes termed quantum meruit or quasi-contract—is an especially flexible equitable doctrine that permits a party to recover the value of a benefit conferred on a second party when the second party retains the benefit under circumstances that either commonly would call for payment or would otherwise make retention of the benefit without compensation patently unfair. *Haz-Mat Response, Inc. v.*

5

*Certified Waste Services Ltd.*, 259 Kan. 166, Syl. ¶ 6, 910 P.2d 839 (1996) ("The basic elements of a claim based on a theory of unjust enrichment are: [1] a benefit conferred upon the defendant by the plaintiff; [2] an appreciation or knowledge of the benefit by the defendant; and [3] the acceptance or retention by the defendant of the benefit under such circumstances as to make it inequitable for the defendant to retain the benefit without payment of its value."); *City of Neodesha v. BP Corporation*, 50 Kan. App. 2d 731, 780, 334 P.3d 830 (2014) (necessary conditions for unjust enrichment include inequity of retaining benefit "without payment of its value"). Its application tends to be particularly fact-driven, although the doctrine seems to presume some contact between the party conferring the benefit and the recipient.

In *Haz-Mat Response*, the court specifically considered unjust enrichment in the context of a subcontractor seeking compensation from a property owner and held the doctrine typically would not be appropriate. 259 Kan. at 177-78. The property owner commonly would expect a subcontractor to be paid by the general contractor, cutting against any equitable relief. The court recognized what it characterized as an "indeed limited" exception to that usual bar if the owner "misled the subcontractor to [its] detriment," induced a detrimental change in the subcontractor's position, or acted "fraud[ulently] . . . against the subcontractor." 259 Kan. at 178. The rule in *Haz-Mat Response* remains the controlling law on unjust enrichment claims a subcontractor brings against a property owner. See *Decker Electric, Inc. v. Pratt Regional Medical Center Corporation*, No. 119,542, 2019 WL 6973645, at *6 (Kan. App. 2019) (unpublished opinion) (relying on *Haz-Mat Response* to affirm summary judgment for property owner on subcontractor's unjust enrichment claim), *rev. denied* 312 Kan. 891 (2020).

The summary judgment record here fails to establish the parking lot owners directed the sort of misleading or deceptive conduct described in *Haz-Mat Response* toward Approved Paving. To the contrary, the owners had no communication or interaction with Approved Paving at all. Moreover, the owners did pay for the resurfacing

work, but the money never made its way to Approved Paving. Here, through a strange and largely unexplained circumstance, the payment went elsewhere. That the owners reasonably paid under their agreement with Omni Property Services weighs against imposing an equitable remedy against them that would, in effect, require them to pay twice. See *Haz-Mat Response*, 259 Kan. at 179 ("of critical importance" to invoking unjust enrichment that defendant "'retain the benefit without payment of its value'") (quoting *J.W. Thompson Co. v. Welles Products Corp.*, 243 Kan. 503, 512, 758 P.3d 738 [1988]). Similarly, Approved Paving presumably could have sued Arcadia Realty for breach of their agreement regarding the resurfacing project. For those reasons, the district court correctly held Approved Paving could not prevail against the parking lot owners on an equitable unjust enrichment claim.

Approved Paving has been taken advantage of. But the district court correctly determined on the record evidence that as a matter of law the company had neither a valid lien nor a viable claim for unjust enrichment against the parking lot owners.

Affirmed.