IN THE SUPREME COURT OF THE STATE OF KANSAS

No. 117,344

JAYLENE LAMBERT, Individually, and as Administrator of the
ESTATE OF STAN NOVAK,
*Appellants*,

v.

JOHN E. PETERSON, M.D., BURREL C. GADDY JR., M.D.,
AHMED BAIG, M.D., JEFFREY BISSING, D.O., CHRISTOPHER WELCH, P.A.,
ERIK WESTLAKE, C.R.N.A., MICHAEL MANALO, M.D., KEN NORTON, M.D.,
HEALTHSOUTH MIDAMERICA REHABILITATION HOSPITAL,
SHAWNEE MISSION MEDICAL CENTER, and MARY BURCH, PH.D.,
*Appellees*.

SYLLABUS BY THE COURT

A party responding to a motion to dismiss filed under K.S.A. 2018 Supp. 60-212 may respond with information outside the pleadings. But the responding party must then comply with the procedural requirements relating to summary judgment motions under K.S.A. 2018 Supp. 60-256. The responding party may not rely merely on allegations but must state specific facts and support those facts with citations to affidavits, declarations, or other materials allowed in the statute, rules, and caselaw relating to summary judgment procedure.

Appeal from Wyandotte District Court; ROBERT P. BURNS, judge. Opinion filed April 19, 2019. Affirmed.

*Jean Ann Uvodich*, of Olathe, argued the cause and was on the brief for appellant.

*Jeff K. Brown*, of Logan Logan & Watson, L.C., of Prairie Village, argued the cause and was on the brief for appellees Erik Westlake, Michael Manalo, and Ken Norton.

1

*Brent G. Wright* and *Justin Fowler*, of Horn Aylward & Bandy, L.L.C., of Kansas City, Missouri, were on the brief for appellee Ahmed Baig.

*Christopher J. Lucas* and *Bruce Keplinger*, of Norris & Keplinger, L.L.C., of Overland Park, were on the brief for appellee Shawnee Mission Medical Center.

*Stephanie A. Preut* and *Brian J. Niceswanger*, of Evans & Dixon, L.L.C., of Overland Park, were on the brief for appellee John E. Peterson.

*Casey L. Walker* and *Janet M. Simpson*, of Simpson, Logback, Lynch, Norris, P.A., of Overland Park, were on the brief for appellees Burrel C. Gaddy Jr. and Christopher Welch.

The opinion of the court was delivered by

LUCKERT, J.:  Jaylene Lambert, individually and as administrator of the estate of Stan Novak, asks us to reverse a district court order granting the defendants' motions to dismiss. The district court found her petition was filed one day after the statute of limitations had expired. She argues the statute of limitations does not act as a bar because her attorney electronically submitted her petition for filing before the statute of limitations ran and promptly responded when the clerk returned it because of an electronic filing issue. She asks us to determine whether a document is filed for purposes of the statute of limitations when uploaded to the electronic filing system or when the clerk of the district court accepts and file stamps it.

We cannot reach the substance of Lambert's argument, however, because no evidence in the record supports Lambert's factual assertion that her counsel timely submitted the same petition as the one eventually file stamped by the clerk. And without this evidence there is no factual support for her argument. She has thus failed to meet the

2

evidentiary standard required when responding to a motion to dismiss with facts outside the pleadings. See K.S.A. 2018 Supp. 60-212(d); K.S.A. 2018 Supp. 60-256.

FACTS AND PROCEDURAL HISTORY

Novak died on June 22, 2014. Lambert filed her petition on June 23, 2016, according to the file stamp placed on Lambert's petition by the Wyandotte District Court Clerk. The defendants were medical providers and facilities Lambert alleged committed negligence and medical malpractice that caused Novak's wrongful death.

Each defendant who appeared (some named defendants had not been served and some challenged whether they had been properly served) moved to dismiss for failure to state a claim under K.S.A. 2018 Supp. 60-212(b)(6). Some of these defendants made multiple arguments, but all sought dismissal because Lambert's cause of action was barred by the statute of limitations. In making this argument, the defendants relied on the pleadings. They pointed to the date file stamped on the petition and the date of Novak's death. The motions then argued the petition was filed one day after the two-year limitations period expired.

The earliest filed motions were set for hearing. It is undisputed that notice of the hearing was provided in the Wyandotte Echo in accordance with local rules. Lambert failed to appear, and the district court granted the five defendants' motions.

Lambert subsequently filed a "Response to Defendants Motions to Dismiss as It Relates to the Timing of the Filing of the Action." Lambert's counsel made various unsupported factual assertions in the response. She claimed to have electronically filed the petition on June 22, 2016. She indicated the clerk's office rejected the original June 22 submission. Counsel represented that the clerk's office informed her she needed to refile

3

the petition without listing the estate as a plaintiff in the e-filing system. Counsel stated that she followed those directions, and the clerk's office accepted the filing on June 24 and file stamped it to reflect the time on June 23 that the petition was uploaded to the e-filing system for the second time. Counsel asserted she had made no changes to the document between the first and second filings and she had correctly submitted payment on June 22. Thus, Lambert argues, the filing date should be June 22.

Lambert did not support her response with documentation, an affidavit, or a declaration. Nor did she cite any authority to support the use of the earlier filing date. The only legal citation in Lambert's district court response was "K.S.A. 60-206A1(a)."

The district court held a second hearing on defendants' motions—the five that had been heard before and additional ones that had not been previously heard. Those defendants who prevailed at the first hearing argued Lambert was bound by the earlier ruling. In addition, these and the other defendants who appeared argued the limitations period had expired because the petition was filed more than two years after Novak's death.

Lambert responded with an oral argument in which her counsel again stated she had filed the petition on June 22, 2016, which was within the limitations period. Counsel did not seek to submit an affidavit or a declaration. And she presented no testimony, although she advised the court her client was present and available to testify "if the court so requires." Through counsel's argument, she informed the court someone in the clerk's office told her the estate was a duplicate plaintiff and the clerk's office would not accept the filing unless counsel deleted any reference to the estate in the data entry field where plaintiffs are listed. Counsel did not learn of the problem or have an opportunity to cure the defect on June 22. But the next day counsel filed the petition without listing the estate in the data field, and the clerk accepted that filing.

4

Lambert's counsel also submitted five exhibits that the court admitted for purposes of the hearing. Exhibit 1 was relevant to an argument Lambert presented to the district court but has not argued to this court. Exhibits 2 through 5 are communications from the e-filing system. Exhibit 2 shows the court received a medical malpractice petition from Lambert's counsel on June 22, 2016, time stamped 11:56:22.0. Exhibit 3 states the clerk rejected the filing because, "The parties on the petition do not coincide with the parties uploaded into the Court record; the petition and parties you are uploading need to match." Exhibit 4 shows the district court received a medical malpractice petition on June 23, 2016, filed by Lambert's counsel. And Exhibit 5 shows the clerk accepted the petition referenced in Exhibit 4 on June 24. None of the exhibits identify the caption of the action or provide any case-specific information other than referring to a medical malpractice petition.

After hearing counsel's arguments, the district court ruled from the bench. The court found that the applicable statute of limitations required the petition to be filed on or before June 22, 2016. The court also found that Lambert failed to meet that time requirement and her action was barred. The court pointed out that Lambert had presented no legal support for her argument. It also noted:

> "The statute of limitation is clear it is not discretionary with the Court. I don't know of any means by which the Court has the ability to extend a statute of limitations. There are times that may not be equitable, it may not be fair, but there is a specific and definite time frame by which the statutes prescribe and case must be filed. I'm not aware, nor has counsel cited any exception for when a case is efiled and perhaps there was a glitch and it was not filed on the date it was attempted to be filed. Again, that is not something within the Court's discretion to overlook or extend the statute of limitations."

5

In the written Journal Entry of Judgment, the district court emphasized: "Even considering [the plaintiff's] response, plaintiff presented *no factual information*, statutory authority or legal precedence which would permit extending the statute of limitations." (Emphasis added.) The district court declined to address others grounds for dismissal because the statute of limitations defense was dispositive.

Lambert filed a timely notice of appeal. On our own motion we transferred the appeal to our docket. We have jurisdiction under K.S.A. 20-3018(c).

ANALYSIS

Before us, Lambert does not dispute the district court's finding that Lambert's cause of action was barred *if* the filing date was June 23, 2016. See K.S.A. 60-513(a)(4), (a)(5), (a)(7) (setting two-year statute of limitations period for actions involving injury to others, wrongful death, and medical malpractice); *LCL v. Falen*, 308 Kan. 573, 582, 422 P.3d 1166 (2018) (recognizing negligence claims have two-year limitation period). The district court used the date of death, June 22, 2014. Lambert makes no argument to this court that any other day should begin the running of the limitations period or that she is entitled to any exception that might extend the period. Nor does she dispute the district court's factual finding that the official court record reflects a filing date of June 23, 2016. Because of Lambert's failure to brief or assert any of these arguments before us, she has waived or abandoned them. See *State v. Gonzalez*, 307 Kan. 575, 592, 412 P.3d 968 (2018).

Instead, Lambert reasserts the arguments she made to the district court and contends the official court record should reflect she filed her petition on June 22, 2016. Her argument depends on facts not found in her petition. Certainly, a party responding to a motion to dismiss can go outside the pleadings to raise facts supporting the party's

6

response to the motion. See K.S.A. 2018 Supp. 60-212(d). But to do so, the party must follow prescribed procedures. Specifically, "the motion must be treated as one of summary judgment under K.S.A. 60-256." K.S.A. 2018 Supp. 60-212(d). And under the summary judgment procedure a party may "not rely merely on allegations or denials in its own pleading." K.S.A. 2018 Supp. 60-256(e)(2). Instead, Lambert (or any other party responding to a motion to dismiss) must, "by affidavits or by declarations pursuant to K.S.A. 53-601 . . . or as otherwise provided in this section, set out specific facts showing a genuine issue for trial." K.S.A. 2018 Supp. 60-256(e)(2). The alternatives "otherwise provided" include "the discovery and disclosure materials on file." K.S.A. 2018 Supp. 60-256(c)(2).

Taking these steps of setting out facts and citing support are necessary if "'an adverse party must come forward with evidence to establish a dispute as to a material fact.'" *Manley v. Hallbauer*, 308 Kan. 723, 725, 423 P.3d 480 (2018) (quoting *Drouhard-Nordhus v. Rosenquist*, 301 Kan. 618, 622, 345 P.3d 281 [2015]); see *Thoroughbred Assocs. v. Kansas City Royalty Co*., 297 Kan. 1193, 1214, 308 P.3d 1238 (2013) (holding district court appropriately granted summary judgment when record did not include facts necessary to support an argument); Supreme Court Rule 141(b)(1)(C) (2019 Kan. S. Ct. R. 211) (when responding to motion by adding material facts parties must "concisely summarize" the evidence and "provide precise references" to the portion of the record supporting the contention of fact). And, here, proof that counsel had filed the same petition on June 22, 2016, was a material fact and needed to be established for Lambert's argument to succeed. See *Drouhard-Nordhus*, 301 Kan. 618 (affirming summary judgment when material facts not established for a necessary element).

Through her response and the hearing, Lambert had the opportunity to present the necessary evidence. See K.S.A. 2018 Supp. 60-212(d) ("All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion."); *Sperry*

*v. McKune*, 305 Kan. 469, 481, 384 P.3d 1003 (2016). And counsel presumably could have done so. Kansas Supreme Court Administrative Order No. 268, titled "Re: Technical Standards Governing Electronic Filing and Transmission of Court Documents," states in section J.: "A person filing or transmitting court documents electronically shall retain, in his or her possession or control, a record of the transmission from which a full copy of the document can be made during the pendency of the action." The retention requirement makes clear it includes "all documents filed with the court and any other electronic communication related to the action." While Lambert presented communications, she did not present the documents. And, at least in part, this provision is designed to establish the contents of documents such as those asserted to have been filed here.

Instead, Lambert's counsel merely offered to have Lambert testify "if the court so requires." But the court appropriately left to counsel the determination of how to support her contentions. And counsel called no witnesses (assuming that would have been appropriate at a summary judgment hearing). Counsel did not present her own or a clerk's office representative's affidavit or declaration tying the petition submitted on June 23 to the petition counsel tried to file on June 22, 2016. And she did not seek any stipulations to the facts she asserted. She did admit exhibits. But none of these provide evidence the pleading counsel tried to file earlier involved an action by Lambert making the same allegations against the same defendants; there is only generic mention of the cause of action alleged in the first petition being medical malpractice.

We thus have only Lambert's counsel's argument that the file-stamped petition is the same as the one she tried to file on June 22. Certainly we have no reason to question the accuracy of counsel's representations, and the exhibits verify the timeline she sets out in her arguments. But arguments of counsel are not evidence. See *Bullock v. BNSF Railway Co.*, 306 Kan. 916, 933, 399 P.3d 148 (2017) ("[C]ounsel's remarks are not

evidence."); see also *State v. Bennington*, 293 Kan. 503, 530, 264 P.3d 440 (2011). The same is true whether at trial or responding to a motion to dismiss that makes it necessary to present affirmative evidence and not mere allegations. See *Johannes v. Idol*, 39 Kan. App. 2d 595, 606, 181 P.3d 574 (2008). Neither K.S.A. 2018 Supp. 60-256, K.S.A. 2018 Supp. 60-212, nor Supreme Court Rule 141 mentions arguments or representations of counsel. Instead, the responding party must present facts in the manner prescribed.

Thus, even drawing all reasonable inferences in Lambert's favor, all we can conclude based on the factual record is that her lawyer filed a medical malpractice action on June 22, 2016. See *Manley*, 308 Kan. at 725 (stating standard for summary judgment, including requirement that inferences be drawn in favor of the party against whom the ruling is sought). We cannot make the critical link between the exhibit showing an attempt to file *a* medical malpractice action and *the* particular medical malpractice action filed by Lambert without some affidavit, declaration, or testimony by a competent affiant, declarant, or witness based on his or her personal knowledge setting forth facts that would be admissible into evidence. See K.S.A. 2018 Supp. 60-256(e).

Lamberts failure to present evidence to the district court means she has failed to preserve the legal issue. It also means the district court correctly determined Lambert "presented no factual information . . . which would permit extending the statute of limitations."

CONCLUSION

Lambert failed to meet her burden in responding to the motions to dismiss when she failed to submit an affidavit, declaration, or other material permitted under K.S.A. 2018 Supp. 60-256 providing evidence that Lambert was the plaintiff, that some or all the movants were the defendants sued in the petition submitted on June 22, and that the

9

causes of action were the same or related to those in the petition submitted and file stamped on June 23. The district court lacked evidence of the factual predicate on which Lambert's argument is based and therefore appropriately granted the defendants' motions to dismiss.

Affirmed.